GEORGE HEALY *vs.* H. H. YOUNG & another.

March 30, 1875.

**Written Agreement in Part Performance of Oral Agreement—Parol Proof of Oral Agreement.**—A written agreement, given in part performance of an oral agreement which includes the subject-matter of the written agreement, and other matters not intended to be embraced in the written agreement, will not exclude oral testimony as to the agreement, in respect to such other matters.

Action for rent reserved in a written lease of the Federal Union printing office, material, etc., at Rochester, Minn. Defence, that after the rent became due, the plaintiff, in consideration of $1,500, sold to defendant Young the printing office, etc., and released defendants from liability for the rent due. At the trial in the district court for Olmsted county, before *Mitchell*, J., defendants had a verdict; a new trial was refused, and plaintiff appealed.

*Lloyd Barber*, for appellant. When parties have reduced their agreement to writing, parol evidence is not admissible to add to, vary or contradict the writing. 1 Greenl. Ev. §§ 275–282 ; *Wemple* v. *Knopf*, 15 Minn. 440 ; *Jones* v. *Alley*, 17 Minn. 292 ; *Cook* v. *Finch*, 19 Minn. 407 ; *Perkins* v. *Young*, 16 Gray, 389 ; *Kirk* v. *Hartmann*, 63 Penn. St. 97 ; *Vanderkarr* v. *Thompson*, 19 Mich. 82 ; *Colt* v. *Cone*, 107 Mass. 285 ; *Cocks* v. *Barker*, 49 N. Y. 107 ; *McClellan* v. *Cumberland Bank*, 24 Me. 566 ; *Bell* v. *Woodman*, 60 Me. 465 ; *King* v. *Fink*, 51 Mo. 209 ; *Proctor* v. *Gilson*, 49 N. H. 62.

All previous negotiations and conversations were merged in the written agreement; and in the absence of fraud or mistake, the writing must be held to express the true agree-

ment between the parties. *Renard* v. *Sampson*, 12 N. Y. 561; *Halliday* v. *Hart*, 30 N. Y. 474, 493; *Pollen* v. *Le Roy*, 30 N. Y. 549, 559; *Colwell* v. *Lawrence*, 38 N. Y. 71; *Delafield* v. *De Grauw*, 9 Bosw. 1.

*Chas. C. Willson*, for respondent.

GILFILLAN, C. J.   In this case there are two points made by appellant.  First. That the verdict was against the evidence.   Second.  Error of the court below in admitting evidence.

The action was to recover for rent of certain personal property, under a contract dated February 1, 1873.   One defence was that about September 1, 1873, the plaintiff, in consideration of $1,500 paid by defendant Young to plaintiff, sold to said Young the property, and released the defendants from all claims which he might have against them growing out of said contract, and especially the claim set up in the complaint.   It is in respect to this defence that the alleged errors arise.

There was a motion for a new trial before the judge who tried the cause; and on looking over the evidence, we think there was such a conflict as to the release, that, unless there was error in admitting the evidence, the verdict ought not to be set aside.  The sale of the property by plaintiff to Young was by a bill of sale in writing, in the following words:   "For value received, and for and in consideration of the sum of fifteen hundred dollars paid and secured to me, the receipt of which is hereby acknowledged, I have and do hereby sell, assign and transfer unto H. H. Young all and singular the property known as the Federal Union printing office, at Rochester, Minnesota, including all material, and all sums due said newspaper; said Young to pay all debts owing by said office, or on account of its business, while in my control.

"Attest:                                          GEO. HEALY."
"R. A. JONES."

The defendant, having introduced this bill of sale, then offered oral testimony to prove the release of the claim for

rent, and the question is, Was such testimony competent? There is no question made as to the rule that where a contract is reduced to writing, parol evidence is inadmissible to contradict or vary it. But to give the writing this conclusive effect, the agreement itself must be reduced to writing. The rule does not apply where the written agreement is merely given in part-performance of the contract. The theory of the defendant is that the plaintiff agreed to release the debt and convey the property, and, in part-performance of that agreement, made the bill of sale. As the agreement to release relates to an entirely different subject-matter from that covered by the bill of sale, this theory, so far as it presents the question of law, is correct. The case is not distinguishable from *Clarke* v. *Tappin*, 32 Conn. 56 ; *Barker* v. *Bradley*, 42 N. Y. 316 ; and *Jordan* v. *White*, 20 Minn. 91. It is distinguishable from *Cook* v. *Finch*, 19 Minn. 407 ; for, in that case, it was attempted to show, by parol, that a bill of sale was intended to pass property not specified in it.

We think, therefore, the order denying a new trial should be affirmed.