JOSEPH H. THOMPSON *vs.* ROWLAND C. LIBBY.

December 19, 1885.

**Contract in Writing—Parol Evidence to add New Terms.**—The only criterion of the completeness of a written contract as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement,—that is, contains such language as imports a complete legal obligation,—it is conclusively presumed that the parties have introduced into it every material term, and parol evidence cannot be admitted to add another term, although the writing is silent as to the particular one to which the parol evidence is directed.

**Same—Parol Evidence of Collateral Matter.**—Where the parties have reduced a contract to writing, in order to warrant the introduction of parol evidence of a matter as collateral, it must relate to a subject distinct from that to which the writing relates.

**Same—Sale—Parol Evidence of Warranty.**—In case of a sale of personal property, a warranty of its quality is not a separate and independent collateral contract, but one of the items or terms of the contract of sale; following *Jones* v. *Alley,* 17 Minn. 269, (292.)

**Same—Application of the Rule.**—In this case the parties, having fully agreed on the terms of sale of the property, executed the following written agreement: "AGREEMENT. HASTINGS, MINN., June 1, 1883. I have this day sold to R. C. Libby all my logs marked 'H. C. A.' cut in the winters of 1882 and 1883, for $10 a thousand feet, boom scale at Minneapolis. Payment cash, as fast as scale-bills are produced. [Signed] J. H. THOMPSON. R. C. LIBBY." *Held,* that oral testimony to prove a parol warranty of the quality of the logs was inadmissible.

Appeal by plaintiff from an order of the district court for Dakota county, *Crosby,* J., presiding, refusing a new trial. The case is stated in the opinion.

*W. E. Hale,* for appellant, cited Taylor, Ev. § 1035; 1 Greenl. Ev. §§ 275, 276, 305; 1 Parsons on Contracts, 589; 2 Benjamin on Sales, § 942; *Jones* v. *Alley,* 17 Minn. 269, (292;) *Randall* v. *Rhodes,* 1 Curt. C. C. 90; *Hanger* v. *Evins,* 38 Ark. 334; *Galpin* v. *Atwater,* 29 Conn. 93; *Mullain* v. *Thomas,* 43 Conn. 252; *Smith* v. *Dallas,* 35 Ind. 255; *Johnson* v. *McCabe,* 37 Ind. 535; *Rice* v. *Forsyth,* 41 Md. 389; *Lamb* v. *Crafts,* 12 Met. 353; *Dutton* v. *Gerrish,* 9 Cush. 89; *Salem India Rubber Co.* v. *Adams,* 23 Pick. 256; *Whitmore* v. *South Boston Iron Co.,* 2 Allen, 52; *Naumberg* v. *Young,* 44 N. J. Law, 331; *Mumford* v. *McPherson,* 1 John. 414; *Van Ostrand* v. *Reed,* 1 Wend. 424; *Dunn* v. *Hewitt,* 2 Denio, 637; *Terry* v. *Wheeler,* 25 N. Y. 520; *Reed* v. *Wood,* 9 Vt. 285; *Bond* v. *Clark,* 35 Vt. 577; *Schultz* v. *Coon,* 51 Wis. 416; *Wiener* v. *Whipple,* 53 Wis. 298; *Hei* v. *Heller,* Id. 415; *Johnson* v. *Powers,* 65 Cal. 179.

*Stringer & Seymour,* for respondent.

The writing is informal and does not upon its face purport to contain the entire agreement between the parties. There are no present words of transfer. Parol evidence was therefore admissible to show the entire contract. *Linsley* v. *Lovely,* 26 Vt. 123; *Red Wing Mfg. Co.* v. *Moe,* 62 Wis. 240; *Hazard* v. *Loring,* 10 Cush. 267; *Atwater* v. *Clancy,* 107 Mass. 369; *Stoops* v. *Smith,* 100 Mass. 63; *Welz* v. *Rhodius,* 87 Ind. 1; *Cassidy* v. *Begoden,* 38 N. Y. Super Ct. 180; *Koop* v. *Handy,* 41 Barb. 454; *Filkins* v. *Whyland,* 24 N. Y. 338,— cited in *Jones* v. *Rahilly,* 16 Minn. 283, (320;) *Chapin* v. *Dobson,* 78 N. Y. 74; *Hersom* v. *Henderson,* 21 N. H. 224; *Jeffery* v. *Walton,* 1

Starkie, 267; *Allen* v. *Pink*, 4 M. & W. 140; *Wilson* v. *Hentges*, 29 Minn. 102; *Security Bank* v. *Luttgen*, Id. 363.

The office of the bill of sale was merely to pass the title. The contract of warranty is an independent agreement. This court has held the contract of warranty so far independent of the contract of sale that such sale cannot be rescinded, but an action for damages for breach of the warranty is the remedy. *Thoreson* v. *Minneapolis Harvester Works*, 29 Minn. 341; *Healy* v. *Young*, 21 Minn. 389; *Phelps* v. *Whitaker*, 37 Mich. 72; *Lytle* v. *Bass*, 7 Cold. (Tenn.) 303, and cases cited *supra*.

MITCHELL, J. The plaintiff being the owner of a quantity of logs marked "H. C. A.," cut in the winters of 1882 and 1883, and lying in the Mississippi river, or on its banks, above Minneapolis, defendant and the plaintiff, through his agent, D. S. Mooers, having fully agreed on the terms of a sale and purchase of the logs referred to, executed the following written agreement:

"AGREEMENT.

"HASTINGS, MINN., June 1, 1883.

"I have this day sold to R. C. Libby, of Hastings, Minn., all my logs marked 'H. C. A.,' cut in the winters of 1882 and 1883, for ten dollars a thousand feet, boom scale at Minneapolis, Minnesota. Payments cash as fast as scale bills are produced.

[Signed]            "J. H. THOMPSON,
                         "Per D. S. MOOERS.
                         "R. C. LIBBY."

This action having been brought for the purchase-money, the defendant—having pleaded a warranty of the quality of the logs, alleged to have been made at the time of the sale, and a breach of it —offered on the trial oral testimony to prove the warranty, which was admitted, over the objection of plaintiff that it was incompetent to prove a verbal warranty, the contract of sale being in writing. This raises the only point in the case.

No ground was laid for the reformation of the written contract, and any charge of fraud on part of plaintiff or his agent in making

the sale was on the trial expressly disclaimed. No rule is more familiar than that "parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument," and yet none has given rise to more misapprehension as to its application. It is a rule founded on the obvious inconvenience and injustice that would result if matters in writing, made with consideration and deliberation, and intended to embody the entire agreement of the parties, were liable to be controlled by what Lord Coke expressively calls "the uncertain testimony of slippery memory." Hence, where the parties have deliberately put their engagements into writing in such terms as to import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties, and the manner and extent of their undertaking, was reduced to writing." 1 Greenl. Ev. § 275. Of course, the rule presupposes that the parties intended to have the terms of their complete agreement embraced in the writing; and hence it does not apply where the writing is incomplete on its face and does not purport to contain the whole agreement, as in the case of mere bills of parcels, and the like.

But in what manner shall it be ascertained whether the parties intended to express the whole of their agreement in writing? It is sometimes loosely stated that where the whole contract be not reduced to writing, parol evidence may be admitted to prove the part omitted. But to allow a party to lay the foundation for such parol evidence by oral testimony that only part of the agreement was reduced to writing, and then prove by parol the part omitted, would be to work in a circle, and to permit the very evil which the rule was designed to prevent. The only criterion of the completeness of the written contract as a full expression of the agreement of the parties is the writing itself. If it imports on its face to be a complete expression of the whole agreement,—that is, contains such language as imports a complete legal obligation,—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed. The rule forbids to add by parol where the

writing is silent, as well as to vary where it speaks,—2 Phil. Evidence, (Cow. & H. Notes,) 669; *Naumberg* v. *Young*, 44 N. J. Law, 331; *Hei* v. *Heller*, 53 Wis. 415,—and the law controlling the operation of a written contract becomes a part of it, and cannot be varied by parol any more than what is written. 2 Phil. Ev. (Cow. & H. Notes,) 668; *La Farge* v. *Rickert*, 5 Wend. 187; *Creery* v. *Holly*, 14 Wend. 26; *Stone* v. *Harmon*, 31 Minn. 512.

The written agreement in the case at bar, as it appears on its face, in connection with the law controlling its construction and operation, purports to be a complete expression of the whole agreement of the parties as to the sale and purchase of these logs, solemnly executed by both parties. There is nothing on its face (and this is a question of law for the court) to indicate that it is a mere informal and incomplete memorandum. Parol evidence of extrinsic facts and circumstances would, if necessary, be admissible, as it always is, to apply the contract to its subject-matter, or in order to a more perfect understanding of its language. But in that case such evidence is used, not to contradict or vary the written instrument, but to aid, uphold, and enforce it as it stands. The language of this contract "imports a legal obligation, without any uncertainty as to its object or the extent of the engagement," and therefore "it must be conclusively presumed that the whole engagement of the parties, and the manner and extent of the undertaking, was reduced to writing." No new term, forming a mere incident to or part of the contract of sale, can be added by parol.

That in case of a sale of personal property a warranty of its quality is an item and term of the contract of sale, and not a separate and independent collateral contract, and therefore cannot be added to the written agreement by oral testimony, has been distinctly held by this court, in accordance, not only with the great weight of authority, but also, as we believe, with the soundest principles. *Jones* v. *Alley*, 17 Minn. 269, (292.)

We are referred to *Healy* v. *Young*, 21 Minn. 389, as overruling this. This is an entire misapprehension of the point decided in the latter case. In *Healy* v. *Young* the claim of defendant was that for a certain consideration plaintiff agreed *verbally* to release a certain

debt, and also to convey certain personal property; and that, in *part-performance* of this prior verbal agreement, he executed a bill of sale of the property. What was decided was that the execution in writing of the bill of sale in part-performance of this verbal agreement did not preclude defendant from proving by parol the prior agreement. The parties had not put their original agreement in writing, and the bill of sale executed in part-performance in no way superseded it. Moreover, the promise to release the debt was a *distinct* collateral matter from that covered by the bill of sale, and in that view of the case it was immaterial whether the oral agreement preceded or was contemporaneous with the bill of sale.

In opposition to the doctrine of *Jones* v. *Alley*, we are referred to a few cases which seem to hold that parol evidence of a warranty is admissible on the ground that a warranty is collateral to the contract of sale, and that the rule does not exclude parol evidence of matters collateral to the subject of the written agreement. It seems to us that this is based upon a misapprehension as to the sense in which the term "collateral" is used in the rule invoked. There are a great many matters that, in a general sense, may be considered collateral to the contract; for example, in the case of leases, covenants for repairs, improvements, payment of taxes, etc., are, in a sense, collateral to a demise of the premises. But parol evidence of these would not be admissible to add to the terms of a written lease. So, in a sense, a warranty is collateral to a contract of sale, for the title would pass without a warranty. It is also collateral in the sense that its breach is no ground for a rescission of the contract by the vendor, *render* but that he must resort to his action on the warranty for damages. But, when made, a warranty is a part of the contract of sale. The common sense of men would say, and correctly so, that when, on a sale of personal property, a warranty is given, it is one of the terms of the sale, and not a separate and independent contract. To justify the admission of a parol promise by one of the parties to a written contract, on the ground that it is collateral, the promise must relate to a subject distinct from that to which the writing relates. *Dutton* v. *Gerrish*, 9 Cush. 89; *Naumberg* v. *Young, supra;* 2 Taylor, Ev. § 1038. See *Lindley* v. *Lacey*, 34 Law J., C. P., 7.

We have carefully examined all the cases cited in the quite exhaustive brief of counsel for defendant, and find but very few that are at all in conflict with the views already expressed, and these few do not commend themselves to our judgment. Our conclusion therefore is that the court erred in admitting parol evidence of a warranty, and therefore the order refusing a new trial must be reversed.