[No. 8174.   In Bank. — March 29, 1886.]

J. F. SWAIN ET AL., RESPONDENTS, v. THE GRANGERS' UNION OF SAN JOAQUIN COUNTY, APPELLANT.

WRITTEN CONTRACT — PAROL EVIDENCE TO CONTRADICT — AGREEMENT TO PAY INDEBTEDNESS. — The plaintiffs were partners who had failed in business, and whose entire firm assets had been purchased by the defendant, one of their creditors.   On the 21st of April, 1879, they entered into a written contract with the defendant, whereby it placed them in charge of the property purchased as its agents, and agreed to turn over the same to them upon being paid in full for all indebtedness, present or future, due it from them.   The action was brought to recover damages for a breach of the contract caused by the refusal of the defendant to turn over the property.   On the trial, the court admitted parol evidence to show that a certain debt due from the plaintiffs to the defendant, at the time of the execution of the contract, was not intended to be included therein.   *Held*, that the evidence was inadmissible.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the head-note and opinion of the court.

*D. S. Terry & S. L. Terry*, for Appellant.

*W. E. Turner*, for Respondents.

THORNTON, J. — The court erred in allowing the following question put to Swaiñ, one of the plaintiffs, when called as a witness: —

"At the time this contract was executed, what indebtedness was referred to by the parties when they speak of all indebtedness present and future?"

It also erred in admitting the answer of Swain.

The written contract stated the *indebtedness* referred to as *"present and future."* It could not be stated more plainly. Why, then, allow the question? The question permitted the witness to state what indebtedness was referred to. The writing fixed the indebtedness signified. To allow the witness to say that this indebtedness, existing or future, was referred to, and that was not, would be to allow him to alter the express terms of the contract. This clearly appears from the answer of the witness, for he testified that an indebtedness plainly existing when the contract was executed was not referred to. We cannot conceive of a more plain infraction of the rule that the terms of a written agreement shall not be altered by parol testimony.

The following testimony of the secretary of defendant should also have been excluded:—

"When we first entered into negotiations with the plaintiffs, and we signed exhibit A, it was not understood that before we would turn over this store and stock in trade to them as their own, they should pay us this six-thousand-dollar note; there was no such understanding; the understanding was, that when they paid this two thousand six hundred dollars, which we had assumed, and pay for what amount of goods we had furnished up to that time, then we were to turn over everything to them; that was the understanding up to the time of this contract (Ex. A) was signed."

The court also erred in directing the jury that the written contract was so far ambiguous and uncertain that they must find from the testimony what indebtedness was meant by the words "all indebtedness, present and future."

We see nothing ambiguous or uncertain in the words above mentioned. Their meaning was a question of law for the court, and not a question of fact to be determined by the jury. The direction left to the jury a question of law, which was plain and manifest error.

Witnesses may be allowed to testify what indebtedness as a fact existed when the written contract was made, and what as a matter of fact accrued after that date. But the meaning of the words employed in the contract, and selected by the parties to express their intention, was a question of law for the court only.

The oral evidence thus indicated as admissible is let in to show *the subject-matter of the written agreement,* and for this purpose is proper. (1 Greenl. Ev., secs. 287, 288.)

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., SHARPSTEIN, J., McKEE, J., and MORRISON, C. J., concurred.

McKINSTRY, J., concurring.—I concur. If the broadest view be adopted with respect to the admissibility of evidence of the circumstances surrounding the parties, or contemplated by them when a contract is entered into, the witness ought not to have been permitted to state what, in his judgment, was the result of the circumstances; or that, in his opinion, they limited or changed the language of the written contract. Nor was this evidence of a usage or custom; or that language, unambiguous in itself, was, in the presence of such usage or custom, used in a peculiar sense, or bore a signification differing from that which it would ordinarily import.