[No. 13039.   Department Two. — May 29, 1891.]

J. W. HARRISON, APPELLANT, v. JOHN McCORMICK ET AL., RESPONDENTS.

SALE — SAMPLE — WRITTEN CONTRACT — PAROL EVIDENCE. — Where a contract for the sale of merchandise is in writing, and nothing in the written contract indicates that a sample was used or referred to, parol evidence is inadmissible to show a sale by sample.

WRITTEN CONTRACT — COMPLETENESS — QUESTION OF LAW.— The question as to whether a writing is upon its face a complete expression of the agreement of the parties is one of law.

ID.— PRESUMPTION — PAROL EVIDENCE — ADDING TERMS. — If a writing contains such language as imports a complete legal obligation, it is to be presumed that the parties have introduced into it every material item and term; and parol evidence is inadmissible to add another term to the agreement, although the writing contains nothing on the particular term to which the parol evidence is directed.

ID. —SALE OF COAL — ABBREVIATION "ETC." — SURPLUSAGE. — The fact that in a written agreement for the sale of coal, the abbreviation "etc." was used in the sentences, "Ship to be named, original cost, etc."; "To be paid on receipt of bills of lading, etc.," does not render the writing incomplete as a contract of sale, nor justify the conclusion that it was not intended by the parties to contain all the terms of the contract; but the abbreviation, being meaningless in the connection used, and not affecting the legal construction of the agreement, will be regarded as surplusage.

ID. — FRAUD — PLEADING — PAROL EVIDENCE. — Where there is no allegation in the answer that the defendants were induced to enter into the contract by fraudulent representations, or of a mistake in reducing the contract to writing, parol evidence tending to show that the coal delivered was not of the kind or quality of a sample not referred to in the

contract is not admissible as tending to show that the coal delivered was
not of the kind or quality described in the contract.

ID. — FINDINGS— FULFILLMENT OF WRITTEN CONTRACT— SALE BY SAMPLE
— PAROL EVIDENCE— PREJUDICIAL ERROR. — Where the court finds that
the coal delivered was of the kind, variety, and class named in the con-
tract of sale, but fails to find that it was not merchantable, nor equal in
quality to that called for in the contract, the admission of parol evidence
to show a sale of the coal by sample, and that the coal delivered did not
correspond with such sample, is prejudicial error.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Craig & Meredith,* for Appellant.

*H. C. Firebaugh,* for Respondents.

DE HAVEN, J.—The defendants had judgment in the
court below, and from such judgment, and an order deny-
ing him a new trial, the plaintiff appeals.

The action is for a balance alleged to be due plaintiff
on account of the sale of fifty tons of coal, sold under the
name of Montana Lump Lehigh Hand-picked Coal.

The answer sets up, among other defenses, that the
coal was sold by sample, and not by name, and that
the coal delivered did not correspond with the sample.

The plaintiff proved that an agreement for the sale of
the coal was reduced to writing and executed in dupli-
cate, and that the one retained by him was lost. He
then proved the contents of this written agreement by a
witness who refreshed his memory from a letter-press
copy of the written portion of said agreement, and a
blank memorandum of contract similar to that upon
which the agreement was written.

The contract as thus proven is as follows:—

"SAN FRANCISCO, January 12, 1882.

"Messrs. McCormick & Lewis. Ordered from J. W.
Harrison fifty tons Montana Lode Lump Lehigh Hand-

picked Coal, early lading in New York. Ship to be named, original cost, etc. To be paid on receipt of bills of lading, etc., and the freight to be paid on receipt of coal here, at $13.50 per ton per 2,240 pounds, gold coin, payable as above, delivered from ship's side when landed. Any shortage in excess of two per cent to be paid by the seller."

The record does not disclose any conflict in the evidence as to the fact that there was a written agreement, or that its written terms were as above set forth. The defendants, however, were permitted to show by parol evidence that the contract was for coal of the same kind and quality as the defendants had previously bought from plaintiff, and which they were then using in their foundry, and that the coal delivered was not of the kind or quality thus referred to as a sample; and the question presented by this appeal is, whether this parol evidence was properly admitted.

1. We do not see how the admission of this evidence can be sustained. Its effect was to show that coal was sold by sample, and thereby to import into the contract a warranty that the coal sold was to be equal to the sample. When the contract is in writing, and nothing in the written contract indicates that a sample was used or referred to, parol evidence cannot be allowed to show a sale by sample. (Tiedeman on Sales, sec. 188; *Wiener* v. *Whipple*, 53 Wis. 298; 40 Am. Rep. 775; *Thompson* v. *Libby*, 34 Minn. 374.)

In *Wiener* v. *Whipple*, 53 Wis. 298, 40 Am. Rep. 775, the written contract was as follows: "Bought of Cass Whipple, about three hundred bushels of barley, at sixty-five cents per fifty pounds, to be delivered by the 15th of September next. Paid on the same, twenty-five dollars." And it was held not competent to add to the terms of this agreement by parol evidence that the sale was made by sample.

In *Thompson* v. *Libby*, 34 Minn. 374, it is distinctly

held that in a sale of personal property a warranty of its quality, if made at all, forms a part of the contract of sale, and is not a collateral contract, and therefore proof of such warranty cannot be added to the written agreement by parol evidence.

It is claimed that the agreement proven by plaintiff was a mere informal memorandum, incomplete upon its face, and not intended to contain all the terms of the contract, and that for this reason the oral evidence was proper. We do not so regard the writing under consideration. It contains within itself all that is necessary to constitute a contract, and this being so, in the absence of any averment in the answer of defendants that there was an omission or mistake made in reducing it to writing, it is not competent to show by oral evidence that it does not state all of the terms of the agreement.

The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination has been well stated as follows: "If it imports on its face to be a complete expression of the whole agreement,— that is, contains such language as imports a complete legal obligation,— it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed." (*Thompson* v. *Libby*, 34 Minn. 377. See also *Naumberg* v. *Young*, 44 N. J. L. 339; 43 Am. Rep. 380.)

In Greenleaf on Evidence, section 275, it is said: " When parties have deliberately put their engagement in writing in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed that the whole engagement of the parties and the extent and manner of their undertaking was reduced to writing."

Tested by this consideration, it is clear that the agreement here is to be deemed complete, as it imports a clear legal obligation, and without any uncertainty as to what the parties thereto undertook to perform. It states an agreement for the sale and delivery of fifty tons of coal of a particular name, and it contains either expressly or by implication everything necessary to make the mutual obligations of the parties, arising out of a contract of sale, complete. This is therefore to be deemed a written contract, and other terms and conditions which might have been introduced into it by the parties, but were not, cannot be added by parol.

The abbreviation "etc.," found in the sentences, "Ship to be named, original cost, etc.," "To be paid on receipt of bills of lading, etc.," does not render the writing incomplete as a contract of sale, nor justify the conclusion that it was not intended by the parties as a memorial of all the terms of their contract. In the connection used, the abbreviation used is meaningless, and in no manner affects the legal construction of the agreement, and is therefore to be disregarded as surplusage.

2. The respondents further insist that this evidence was proper, because it tended to show that a fraud was practiced upon them in the making of the contract. This would be so, if such a defense had been made in the answer. The answer denied the execution of the contract alleged in the complaint, and avers that the contract of sale was by sample, but it contains no averment that defendants were induced to enter into the contract alleged in the complaint by any fraudulent representation, as that the coal described in such contract by name was the same kind and quality of coal previously bought by defendants from plaintiff, and without such averments, or an allegation of mistake in reducing the contract to writing, this evidence was irrelevant and immaterial.

3. The court does not find as a fact that the coal de-

livered to respondents was not merchantable. It is true, one part of the finding is to the effect that it " was filled with slate and dirt and foreign matter," but this is said in connection with the statement that it was not as good as the sample by which the court finds it was sold. In another portion of its findings the court declares that it was not as good as the sample referred to, "but it was of the kind, variety, and class known as Montana Lump Lehigh Hand-picked Coal." If it was, then the respondents got what was called for by the written contract, unless it was not equal in *quality* to coal of that brand. There is no finding that it was not.

In this state of the findings we cannot hold that the admission of the oral evidence, as to the sale by sample, was immaterial, as it would have been if the court had found that the coal delivered was not merchantable, nor equal in quality to that called for by the contract alleged in the complaint, and that plaintiff had been paid its full value.

Judgment and order reversed.

McFARLAND, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.