### J. G. SHAW BLANK BOOK COMPANY v. R. J. MAYBELL.[1]

May 16, 1902.

Nos. 13,007—(105).

#### Sale of Book Accounts—Warranty.

A sale and transfer of book accounts as unpaid amount to a warranty that they are unpaid, and such a sale and transfer amount, also, to a warranty that they are valid and existing, and are not fictitious. If they are in fact paid, or have never existed, a breach of the warranty arises, on which an action may be maintained.

#### Bill of Sale—Parol Evidence.

Where a bill of sale is given to a vendee of book accounts, in which the only description is general, as follows, "all the accounts and bills and notes receivable in favor" of the vendor, the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument is not violated by parol proof that certain purported ledger accounts exhibited by the vendor to the vendee at the time of the negotiations as genuine had previously been paid in part, and in part had never existed.

#### Same.

No rule of evidence is infringed in such a case by parol proof introduced for the purpose of identifying the accounts sold, and that they were either paid, or had never existed.

[1] Reported in 90 N. W. 392.

86 M.—16

Action in the district court for Ramsey county to recover $273.36, and interest, for goods sold. Defendant asserted a counterclaim for $375 founded on breach of warranty in a prior transaction between the parties. The case was tried before Brill, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Stevens, O'Brien, Cole & Albrecht*, for appellant.

*J. L. Dobbin*, for respondent.

COLLINS, J.

Action to recover for goods, wares, and merchandise sold to defendant at an agreed price; the sale, and nonpayment therefor, being admitted by the answer, which, in addition, contained a counterclaim, in substance, that, prior to the transaction upon which the suit was founded, plaintiff had sold to defendant certain personal property (a printing establishment, with all appliances) then situated and in a certain building in St. Paul, occupied and used by the H. C. Boyeson Stationery Company, and also all the accounts and bills and notes receivable in favor of that company; that among the accounts receivable, as they appeared on the books and were sold to defendant, were certain accounts and claims against persons specifically named, and in certain sums, amounting in all to over $200, when, in truth and in fact, many of these accounts and claims were wholly fictitious, and had never existed, while others, once existing, had been paid and discharged long before the sale to defendant. To the aggregate amount of these fictitious and paid accounts, defendant counterclaimed. Upon the conclusion of the testimony the court below directed the jury to return a verdict for the full amount demanded in the complaint. This was done, and the appeal is from an order denying defendant's motion for a new trial. The order will have to be reversed.

1. The testimony was sufficient to support the allegation in the answer that defendant bought the printing plant and accounts from plaintiff, and not from a man named Hanford, as asserted on the trial. It is true that the bill of sale delivered to defendant was executed by Hanford, and also by Boyeson, who had formerly

owned the property; but it is very clear that defendant negotiated with the plaintiff corporation, and with no one else; that the terms were agreed upon by the latter as owner; and that Hanford had no interest in the property, except that for some reason he held the legal title for plaintiff. This is very evident, not only from the letters received in evidence, and the verbal statements made by the president of the corporation to defendant, but also from the facts and circumstances surrounding the sale.

2. There was testimony which would warrant a jury in finding that as part of the negotiations, and just prior to the actual sale, Boyeson, representing the plaintiff, and defendant, in his own behalf, examined and went through the ledger kept by Boyeson, as manager for plaintiff, which ledger purported to contain accounts and claims held against various individuals, due from them to plaintiff; that as these ledger accounts were examined, one by one, Boyeson stated to defendant that they were good accounts, and valid, existing claims, to the amount of their face values, against the parties mentioned, and against whom they purported to be, when in fact a large number had been previously paid and discharged, while others, purporting to be against certain named parties, had never existed, but were wholly fictitious. After this testimony was received and submitted to the jury, the court construed the bill of sale,—holding that, because no accounts were specified, no warranty could be implied,—and directed a verdict in favor of the plaintiff. This was error. When the terms of the sale were agreed upon, Hanford and Boyeson executed and delivered to defendant a bill of sale, as before stated, in which the printing plant was described generally, and following this description was the clause,

"Together with all the accounts and bills and notes receivable in favor of said H. C. Boyeson Stationery Company, and the name of said company, and good will and interest thereof,"

Which bill of sale was introduced in evidence.

The trial court seems to have held, and plaintiff's counsel now contends, that what was said by Boyeson to defendant concerning the existence, validity, and amount of the ledger accounts infringed upon the rule that parol contemporaneous evidence is

inadmissible to contradict or vary the terms of a valid written instrument, which is not true. This writing was incomplete, in that it did not pretend to specify in detail the amount of each account, and the name of the party against whom it was asserted. It was not absolutely necessary that it should, for all that could be ascertained by reference to the ledger, or other evidence thereof. It was simply a matter of identification. Proof could be given as to what accounts were or were not intended to be transferred by the general language used in the bill of sale, and this evidence of what accounts were so transferred was admitted simply to apply the contract to its subject-matter, and to identify the accounts to which the contract applied. It was introduced to aid, uphold, and enforce the contract which was actually made, not to vary or contradict the terms of a writing. Although parol evidence is not admissible to prove that terms not expressed in a written contract were agreed to by the parties, or that they had other intentions than such as could be inferred therefrom, it is always competent to receive such evidence to prove facts and circumstances respecting the parties, and the nature, quality, and condition of the property constituting the subject-matter, concerning which the contract was made.

In this case the testimony was simply an identification of the accounts purporting to have been sold and transferred, and that they had no valid existence. Its purpose was to apply the clause quoted from the bill of sale to its subject-matter, and when this was done a warranty arose by implication. A sale and transfer of book accounts, as unpaid, amounts to a warranty that they are unpaid; and, if this is not the fact, a breach of warranty arises, and an action may be maintained. Robinson v. McNeill, 51 Ill. 225. An express warranty is not required. It must also be the law that from a sale of book accounts there springs an implied warranty that they are valid, existing claims against the alleged debtors; and, if they are in fact fictitious, the party who sells can be held responsible. It is hardly necessary to say that evidence of a verbal warranty that the debtors are financially responsible, and the accounts collectible, would not be admissible in this case; for that would add to the terms of the bill of sale, and trench upon the

rule. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1, illustrates this doctrine. If a question had arisen between the defendant and a party whom he asserted was a debtor, and whose account had passed to him, parol evidence would be admissible for the same reason it was here. It would simply have the effect of applying the bill of sale to its subject-matter. If, as a matter of fact, plaintiff sold to defendant alleged accounts or claims against third parties, and none had ever existed, or, having existed, had been paid, the defendant has the right to counterclaim to the amount of the same, and no rule of evidence is violated by testimony of the fact.

Order reversed, and a new trial granted.