[Civ. No. 3676. First Appellate District, Division One.—January 17, 1921.]

MATTIE BERKLEY HOLTMAN, Appellant, v. CHARLOTTE M. BUTTERFIELD et al., Respondents.

[1] PROMISSORY NOTE—LETTER INTENDED TO ACCOMPANY NOTE—CONSTRUCTION OF.—A letter in which the writer states, "Herewith you will find my note for fifteen thousand dollars . . . payable in three years from date with interest at six per cent," no note being inclosed or received by the person to whom such letter is addressed,

cannot be made the basis of a claim against the estate of the writer, notwithstanding that the writer during his lifetime makes payments of interest thereon.

[2] ID.—MEANING OF WORDS—QUESTION OF LAW.—The words contained in such letter not being ambiguous or uncertain, their meaning was properly a question of law for the court, and not a question of fact to be determined by the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clark & Law for Appellant.

Anderson & Anderson for Respondents.

WASTE, P. J.—Plaintiff brought this action against the executors of the estate of F. D. Butterfield, deceased, basing her claim upon a written instrument alleged to be a promissory note. The defendants denied the existence of any such note or other promise to pay to the plaintiff, on the part of the decedent. When the case came on for trial, a jury having been selected, plaintiff produced a witness who was sworn. Thereupon defendants objected to any evidence being offered or received in the case, upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. The court sustained the objection. The jury was discharged and a judgment of dismissal was entered, from which plaintiff has appealed on the judgment-roll alone.

[1] It is alleged in the complaint that on January 4, 1916, F. D. Butterfield, the decedent, made and delivered to plaintiff his promissory note in the sum of fifteen thousand dollars, payable three years after date, and bearing interest at six per cent per annum, no part of which note had been paid except the sum of twelve hundred dollars. After the death of Butterfield a claim, based upon and containing a copy of the alleged note, was duly presented to his executors and was by them rejected. Thereupon the plaintiff brought this action. A copy of the instrument upon which plaintiff seeks to recover, and which was set forth in the claim, is as follows:

"Los Angeles, Jany. 4, 1916.

"Mrs. Mattie Berkley Holtman,

"My dear Mattie:

"Herewith you will find my note for fifteen thousand dollars 15000/00 payable in three years from date with interest at six per cent. Now dear Mrs. Holtman, you will remember I have often told you that I owed my present health and happiness to your totally unselfish and loving care of me while in the mountains two years ago, and elsewhere.

"I hand you this token that you may know how much out of my abundance I appreciate the kind regard have always shown to me during the last few years. When I see again I will endeavor to explain to you personally how much I have always appreciated your totally unselfish kindness. In the meantime accept the enclosed with my love and best wishes for your future health and happiness.

"Sincerely,

"F. D. BUTTERFIELD."

It is not claimed that a promissory note for fifteen thousand dollars, or for any other amount, was inclosed in or with the above instrument, or that there was any other writing delivered to or received by plaintiff other than said letter. Appellant contends, nevertheless, that the document is a promissory note; that it was recognized by the decedent during his lifetime as a valid obligation, evidence of which recognition, she asserts, is to be found in the fact that during his lifetime he paid her interest amounting to some twelve hundred dollars, as alleged in her complaint. Her argument, in substance, is that this payment and alleged recognition of the obligation amounted to a construction put upon the document by the parties, that is binding upon the court if it appear that the instrument in question is ambiguous or indefinite. We are not impressed with this argument.

It requires only a casual reading of this instrument to demonstrate that the trial court was correct in holding that no cause of action against the decedent's estate could be predicated thereon. It in no way rises to the dignity of a promise to pay fifteen thousand dollars or any amount to the plaintiff. It is very apparent that this particular instrument is nothing but a letter intended by the writer

to accompany a promissory note, which he may have fully intended to execute and deliver to the plaintiff, and which by reason of the context of the writing, we may assume, he believed he was inclosing with it.

[2]   We see nothing ambiguous or uncertain in the words contained in the letter sent by the decedent to the plaintiff.   Their meaning was properly a question of law for the court, and not a question of fact to be determined by the jury.   (*Swain* v. *Grangers' Union,* 69 Cal. 186, 187, [10 Pac. 404]; *Harrison* v. *McCormick,* 89 Cal. 327, 330, [23 Am. St. Rep. 469, 26 Pac. 830]; *Heffner* v. *Gross,* 179 Cal. 738, 742, [178 Pac. 860].)

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.