[Civ. No. 2850. Third Appellate District.—May 19, 1925.]

ELLIOTT B. DAVIS et al., Appellants, v. STANISLAUS COUNTY FARMERS UNION (a Corporation), Respondent.

[1] CONTRACTS—MISSING ITEM—PAROL EVIDENCE.—Oral testimony is admissible to supply a missing item in a written instrument only when the written instrument, in and of itself, is not complete and such testimony does not contravene any part of the writing.

[2] ID.—SALE OF GRAPES—WRITTEN MARKETING AGREEMENT—PAROL EVIDENCE.—In this action to recover for certain grapes delivered by plaintiffs to defendant at the latter's packing-house in a certain town, plaintiffs having offered in evidence a legal written agreement, which was complete in and of itself and which provided that defendant was to market the grapes in question in its own name, collect the proceeds, deduct all packing, marketing, and other charges, including freight and refrigeration charges, and remit the balance by check to plaintiff, the trial court properly excluded testimony offered by plaintiffs for the purpose of attempting to show there was an oral agreement that the grapes were to be sold for cash f. o. b. in the town where defendant's packing-house was located.

(1) 22 C. J., p. 1289, n. 51, p. 1290, n. 60. (2) 22 C. J., p. 1289, n. 51, p. 1290, n. 60.

APPEAL from a judgment of the Superior Court of Stanislaus County. J. C. Needham, Judge. Affirmed.

The facts are stated in the opinion of the court.

George F. Snyder, Elliott B. Davis and Loring Davis for Appellants.

Griffin, Boone & Boone for Respondent.

PLUMMER, J.—Appeal by plaintiffs from a judgment of nonsuit. The complaint alleges that between the seventeenth day of August and the seventeenth day of Septem-

1. General rule that parol evidence not admissible to vary, add to, or alter a written instrument, notes, 56 Am. St. Rep. 659; 17 L. R. A. 270. See, also, 10 R. C. L. 1016; 10 Cal. Jur. 916.

ber, 1923, plaintiffs delivered to defendant, at its special instance and request, at the city of Modesto, county of Stanislaus, state of California, twenty-six tons of Thompson seedless grapes owned by plaintiffs, to be sold by said defendant for said plaintiffs in accordance with an express understanding and agreement entered into between the plaintiffs and defendant that said grapes should be sold by the defendant f. o. b. at the city of Modesto, and not otherwise, and at a price specified by the plaintiffs, and that the proceeds from the sale of said grapes would be promptly paid to the plaintiffs; that the defendant sold said grapes contrary thereto and the plaintiffs thereby suffered the damages alleged.

In support of this contention the plaintiffs offered in evidence a certain marketing contract, in the words and figures following, to wit:

"Marketing Contract.

"Modesto, California, 8/17, 1923.

"This agreement, made by Ed. Roe, First Party, and Stanislaus County Farmers Union, Inc., Second Party:

"Witnesseth: That first party does hereby agree to market through second party all of the first party's crop of grapes grown on the ranch of first party located in the County of Stanislaus, State of California, and described as follows: 1½ miles on Californie Ave. and Panama, for the season of 1923.

"First party agrees to pick and deliver all said crops to the packing house of second party, or to such packing house as second party directs, and second party shall pack all merchantable fruit in such commercial packages as second party believes to be most salable. First party shall pay second party for packing the regular commercial rate therefor, and second party shall be paid the current market price for all shook, loading, bracing or other material so used. If first party desires he may pack said fruit and deliver same to second party on board cars, and second party will, if desired, furnish shook and other packing and loading material therefor. But second party shall not be under obligation to furnish any shook, bracing, loading or other material unless there is obtainable at said time at the packing house of second party sufficient shook and material to take care of the crops of first party. Second party shall be

relieved from its obligation to handle said crop in case of car shortage, strikes, embargoes, or any other condition reasonably beyond the control of second party which prevents second party in due course from handling and marketing said crop.

"First party authorizes second party to sell said crop in its own name, collect the proceeds therefor, and deposit the same to its account, and make remittances by check as rapidly as returns are received from sales. Second party shall use due diligence in receiving, packing and marketing all fruit of merchantable quality.

"First party agrees that second party shall deduct from proceeds of sale all packing and loading charges, freight and refrigeration charges, and all other expenses reasonably incurred in the marketing of said fruit, and second party shall also deduct any sums from said proceeds which first party may then be owing to second party.

| Variety | Tonnage | Acres |
| --- | --- | --- |
| Thompsons | 60 | 1– |

"Signed in triplicate this 17 day of Aug. 1923.

"Ed Roe, First Party,

"Stanislaus County Farmers Union, Inc.,

"By Allen Talbot, Second Party."

And, in addition, the plaintiffs sought to introduce in evidence testimony of a previous or contemporaneous oral agreement that the grapes referred to in said contract should be sold only f. o. b. at the city of Modesto, and that said grapes should not be shipped on consignment. This testimony, upon objection of counsel for the defendant, was excluded and judgment for nonsuit followed, and this appeal rests simply upon the alleged error of the court in excluding such oral testimony.

On the part of the appellants several sections of the Civil Code are referred to relating to the authority of factors, the duties of factors, and, under what circumstances, directions to factors might be given as to the place of sale, and how instructions given might be subsequently changed. These sections of the code and also the cases cited set forth the law as we understand it in relation to factors, but, for the reasons hereinafter stated, seem inapplicable to this case. [1] Oral testimony, as hereafter shown, is admissible to supply

a missing item in a written instrument only when the written agreement, in and of itself, is not complete, and such testimony does not contravene any part of the writing.

[2]   The contract in question provides, first, that the first party agrees to market through the second party the grapes in question, to pick and deliver the same and that the second party shall pack all merchantable fruit in commercial packages.   The second paragraph then sets forth that the first party shall pay the second party for packing the regular commercial rate therefor, and the said second party shall be paid the current market price for all shook, etc.   Provision is then made for packing by the first party, the second party furnishing the shook.   This paragraph then sets forth that the second party shall be relieved from its obligation to handle said crop in case of car shortages, strikes, embargoes, and other conditions reasonably beyond the control of the second party which prevent the second party in due course from handling and marketing said crop.   This paragraph providing for the second party marketing said crop and also specifying that it shall be relieved, under certain conditions, plainly imports that the grapes are to be shipped for the purpose of marketing, else there would have been no reason for the introduction of a clause relieving the defendant from liability in the event of a car shortage.   The third paragraph authorizes the second party to sell the grapes in its own name, collect the proceeds therefrom, and deposit the same to defendant's account, and make remittances by check as rapidly as returns are received from sales, the said party of the second part to use due diligence in receiving, packing and marketing all fruit of merchantable quality, and then, lastly, it is agreed that the second party shall deduct from the proceeds of sales packing and loading charges, freight and refrigeration charges and all other expenses reasonably incurred in the marketing of said fruit, and said second party shall also deduct any sums from said proceeds which first party may then be owing second party,   This paragraph is certainly in direct conflict with the idea that the grapes were to be sold for cash f. o. b., in the city of Modesto.   Under such circumstances, there would be no freight and refrigeration charges, nor would there be any marketing charges or expenses, as evidently contemplated by the agreement, which we have set forth.   As we read the

writing, it is a complete legal agreement, in and of itself, and any oral testimony changing the terms of this agreement, as set forth, would certainly contravene the rule that parol testimony is not admissible to contradict or vary the terms of a written instrument. Being complete in itself, the theory that the proffered testimony is supplementary is likewise subject to the rule excluding such testimony for the simple reason that the alleged omitted item, to wit, that the grapes were to be sold f. o. b., at Modesto, directly contravenes the last paragraph of the agreement, which contemplates the shipping of the grapes and authorizes the payment of freight and refrigeration charges, etc.

As to the writing itself and as to the authority of the court to construe the same, we quote from 6 California Jurisprudence, page 267, as follows: ''The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination has been well stated as follows: 'If it imports on its face to be a complete expression of the whole agreement—that is, contains such language as imports a complete legal obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing on the particular one to which the parol evidence is directed.' '' The principle there relied upon for this statement of the law is the case of *Harrison* v. *McCormick,* 89 Cal. 327–330 [23 Am. St. Rep. 469, 26 Pac. 830]. In that case, the contract or agreement called for the delivery of fifty tons of coal upon an order in the following words:

''San Francisco, January 12, 1882.
''Messrs. McCormick & Lewis.

''Ordered from J. W. Harrison fifty tons Montana Lode Lump Lehigh Hand picked Coal, early lading in New York. Ship to be named, original cost, etc. To be paid on receipt of bills of lading, etc., and the freight to be paid on receipt of coal here, at $13.50 per ton per 2,240 pounds, gold coin, payable as above, delivered from ship's side when landed. Any shortage in excess of two per cent to be paid by the seller.''

It was contended that there was an oral agreement that the coal should be according to a certain sample and oral testimony was sought to be introduced as to the sample, and that the coal delivered was not of the same quality, etc.  This oral testimony was excluded, and after quoting what we have here set forth, the court in that case further said: "Tested by this consideration, it is clear that the agreement here is to be deemed complete, as it imports a clear legal obligation, and without any uncertainty as to what the parties thereto undertook to perform.  It states an agreement for the sale and delivery of fifty tons of coal of a particular name, and it contains either expressly or by implication everything necessary to make the mutual obligations of the parties, arising out of a contract of sale, complete.  This is therefore to be deemed a written contract, and other terms and conditions which might have been introduced into it by the parties, but were not, cannot be added by parol."  Also, if the contract is in legal effect complete, such testimony is not admissible to add to or vary the written instrument.  This court, speaking through Justice Chipman, in *Standard Box Co.* v. *Mutual Biscuit Co.,* 10 Cal. App. 746 [103 Pac. 938] ; said: "The rule that prior or contemporaneous negotiations cannot be used to contradict, add to or vary a written contract, applies not only to the letter of the written document, but also to its legal effect; and when no time for performance is fixed, the law implies that a reasonable time is given, and evidence that a specific time had been agreed upon is inadmissible."  A number of cases are considered in the opinion and the rule is adhered to, which we have herein stated.  In that case, it was sought to prove by parol and oral agreement that the defendant should have one year from a certain date in which to accept an option upon which the action was based, and it was held that such testimony was inadmissible, the law supplying the legal inteadment that the option should be accepted within a reasonable length of time.  In *German Fruit Co.* v. *Armsby Co.,* 153 Cal. 585 [96 Pac. 319], the case of *Harrison* v. *McCormick, supra,* was approved, and the rule again announced that where the writing is complete in itself, parol evidence cannot be admitted to add to the writing a term upon which it is silent as well as to vary one upon which it speaks.

Appellant relies upon the case of *Blahnik* v. *Small Farms Improvement Co.*, 181 Cal. 379 [184 Pac. 661], as, in effect, changing the rule set forth in the case which we have cited, and permitting the introducing of such testimony. However, when the facts of that case are considered, it is found to be readily distinguishable from the instant case, and also from the cases which we think apply to the one at bar. In the Blahnik case, *supra,* the seller referred to therein was transferring certain parcels of real estate, and the agreement contained the following: "The seller agrees that it will have the roads in said division 'R' constructed during the fall of 1913 after the rains or when the ground is able to be worked. And construct the necessary bridges." The map or plat according to which the sales were made had delineated thereupon lines indicating roads to be constructed. There was absolutely nothing in the agreement as to the materials of which the roads should be constructed, or the kind of roads to be constructed, and the court said: "The contract itself is silent with respect to the kind of roads and the character of the work to be done thereon. Evidently that was the subject of some other agreement between the parties, either express or implied. . . . For the purpose of showing the real agreement in that respect the defendant offered evidence of conversations between his agents and plaintiff Joseph, who made the deal for his wife, before and at the time of the execution of the contract. This evidence was excluded by the court on the ground that the subject was covered by the terms of the written contract and that the admission thereof would violate the rule that a written contract cannot be varied or contradicted by parol evidence of conversations between the parties prior to or at the time of its execution." This ruling was held to be erroneous and it was further held that such an agreement would be collateral and supplemental to the contract contained in the writing, and, as parol evidence thereof would not be inconsistent with the contract and would not alter it in any respect, evidence thereof would be admissible if material to the issues.

In the case at bar the parol evidence that the grapes were to be sold f. o. b. Modesto is inconsistent with the provisions for shipping, paying the freight, refrigeration, etc.

When the agreement in the case at bar is considered and all its provisions read together, the reasoning of the court in the case of *Blahnik* v. *Small Farms Improvement Co., supra,* is found to be an authority supporting the rule that the proffered parol evidence was properly excluded, as being inconsistent and in contravention of the writing, or agreement, which is complete in itself. We think the proffered testimony properly excluded. It therefore follows that the judgment of the trial court should be, and the same is hereby, affirmed.

Shields, J., *pro tem.,* and Finch, P. J., concurred.

Appellants' petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 16, 1925.

All the Justices concurred, except Richards, J., who dissented.