STATE EX REL. CANAM METALS, LTD. v. DEPARTMENT OF COMMERCE, SECURITIES DIVISION, AND ANOTHER.[1]

January 24, 1936.

No. 30,413.

*William P. Harrison,* for relator.

*Harry H. Peterson,* Attorney General, and *Roger S. Rutchick,* Assistant Attorney General, for respondents.

*H. E. Stassen, Fallon Kelly, Charles E. Bowen,* and *Bundlie & Kelley,* amici curiae, filed a brief in support of the contention of respondents.

HILTON, JUSTICE.

*Certiorari* to review an order of the securities commission, department of commerce, state of Minnesota, canceling the registration of certain securities.

[1]Reported in 264 N. W. 789.

On October 23, 1928, a contract was entered into between one Quinn and Stobie-Forlong-Matthews, *Limited,* a Canadian corporation (hereinafter referred to as Stobie, Ltd.), by which it was agreed that a new company would be incorporated for mining purposes. It further was agreed that the new company was to sell and Stobie, Ltd. was to buy outright 100,000 shares of the stock to be issued by the new company. Stobie, Ltd. also took an option on 650,000 shares.

Canam Metals, Ltd., a Canadian corporation, and apparently the company which was formed pursuant to the above agreement, as issuer and on behalf of Stobie-Forlong-Matthews, *Incorporated* (hereinafter referred to as Stobie, Inc.), a licensed broker, filed with the securities commission an application for the registration of 300,000 shares of its no par value common stock. The contract above referred to was made a part of the application.

On November 21, 1928, the securities commission issued a conditional order of registration for the stock. On December 6, 1928, the commission issued a final order for registration which provided in part:

"It is ordered that on December 6, 1928, 300,000 shares of no par common capital stock of said Canam Metals, Limited, the issuer thereof, be registered for said Canam Metals, Limited, and Stobie-Forlong-Matthews, Inc., a licensed broker * * *."

On April 1, 1929, Stobie, Inc., made a request in writing to the commission for the cancellation of the final order for registration. It was stated in the request that as 264,930 shares of the said 300,000 shares had been sold in Minnesota "no more stock of the original issue will be offered to the public" under the said order for registration "as all the rest of the stock underwritten by us has been subscribed for in Canada." On April 3, 1929, the commission issued an order which provided in part:

"WHEREAS, said Stobie-Forlong & Matthews, Inc., has notified the Commission that no more of said 300,000 shares of stock will be offered to the public and requests that the registration of said stock be cancelled,

"Now THEREFORE, IT IS ORDERED, that said registration dated December 6, 1928, be and the same hereby is cancelled and the right of said Canam Metals, Limited, and Stobie-Forlong & Matthews, Inc., to sell or offer its securities for sale thereunder in the State of Minnesota be and the same is in all things terminated."

This order was made without any notice to Canam Metals or any knowledge on its part thereof. Canam Metals brings *certiorari* to review the order of the commission, claiming that the commission had no right to cancel the order for registration without first giving it notice.

The scope of this inquiry is somewhat narrowed by the frank and commendable admission on the part of the respondent commission that if the order was effective as a cancellation it was improperly issued and should be nullified. The claim of the commission is that the order did not constitute a cancellation and that the right of Canam Metals to sell the stock had expired. Following that premise, Canam Metals would have no cause for complaint.

1 Mason Minn. St. 1927, § 3996-5, provides:

"A registration or registrations shall be good until exhausted by the sale of the securities so registered, or until suspended, canceled or revoked, * * *."

The commission's contention is that "The order complained against was a mere formality and notwithstanding the use therein of the term 'cancelled' is merely a formal declaration by the Department of Commerce of the fact that the registration is no longer 'good' for the reason that all of the stock having been sold here or subscribed for in Canada no more remains to be sold under the registration."

Aside from the fact that it is doubtful if the commission should be permitted to attack its own order, there is nothing in the record upon which we can determine that the number of shares of stock authorized to be sold under the order for registration had been sold in Minnesota or elsewhere. Respondent commission grants that Stobie, Inc. had no authority to request a cancellation on behalf of Canam Metals. Nor do we find any authority, in the record, by

which Stobie, Inc. could bind Canam Metals by the statement of Stobie, Inc. that "no more stock * * * will be offered to the public" as all the stock underwritten had been subscribed for. The fact that Stobie, Inc. acted as broker would not give it such authority. There is nothing to indicate that Stobie, Inc. was so well informed as to Canam Metal's business as to be qualified to make the statement.

In a brief filed *amici curiae* it is asserted that the order for registration must be considered in light of the application. The application stated that the stock was to be sold in Minnesota in accordance with the contract between Quinn and Stobie, Ltd. However, if the order of registration means anything at all it must define all the rights, privileges, and duties of the parties thereto. The order specifically stated that the stock was registered *for* "said Canam Metals, Limited, and Stobie-Forlong-Matthews, Inc." If the order issued did not conform to the application made, then perhaps on direct attack this court would be obliged to go behind the order to see what representations were made in the obtaining of it. It was in the nature of a contract in that the state, in consideration of the performance of certain conditions precedent, granted the registrants permission to dispose of the securities in this state. The order is complete on its face. It apparently embodies the entire agreement of the parties thereto. In this action, then, we cannot go outside the agreement to determine its meaning. Thompson v. Libby, 34 Minn. 374, 26 N. W. 1; Mitchill v. Lath, 247 N. Y. 377, 160 N. E. 646, 68 A. L. R. 239; Osterberg v. Section 30 Development Co. 160 Minn. 497, 200 N. W. 738; Taylor v. More, 195 Minn. 448, 263 N. W. 537.

It is claimed that Canam Metals has not attempted to show that the statement of Stobie, Inc. relative to the stock being exhausted is not correct. The burden is not on Canam Metals to show its falsity. First there must be proof of the authority of Stobie, Inc. to bind Canam Metals by such a statement, or at least some showing of the basis for such a statement. That authority cannot be predicated on any agency relationship arising out of the contract between Quinn and Stobie, Ltd. Neither is a party to this action.

As far as the record goes, there is nothing to indicate that there was any agreement between Stobie, Inc. and Canam Metals whereby the former was to underwrite any stock of the latter. Stobie, Inc. and Stobie, Ltd. are two entirely different entities.

It is contended that the question is moot for there is no showing that there remains any stock to be sold. Canam Metals need not make such a showing. It has not that burden.

We are not concerned with the agreement between the interested parties and the proceedings which resulted in the order of registration. That order was issued for the benefit of and conferred substantial rights upon two parties. If it may be canceled upon the request of one without notice to the other, the latter, proceeding thereunder, may innocently incur both civil and criminal liability. The order having been issued for the protection of two, it certainly is not the intention of the law that one by an *ex parte* proceeding may withdraw that protection for the other without notice to the one from whom are so stripped the privileges and immunity conferred by the order.

The cancellation order of April 3 was improper and ineffective.