[No. 14828.   Department Two. — September 23, 1892.]

LUCUS KREUZBERGER, Respondent, v. J. H. D. WINGFIELD, Appellant.

Contracts — Parol Evidence to Vary Memorandum. — The rule that when a contract has been reduced to writing, parol evidence is not ad-missible for the purpose of cutting down or adding to its terms, does not apply to a mere memorandum which does not of itself import any con-tract, but is only intended as an informal memorandum to be considered in connection with previous oral negotiations.   In order for the rule to have any application, the writing must be one which, by legal construc-tion, shows upon its face that it was intended to express the whole con-tract between the parties.

Id. — Assumpsit for Work and Materials — Evidence — Accordance of Work with Contract — Opinions. — In an action to recover for work done and materials furnished in the construction of a sidewalk, where the

plaintiff has testified as to the precise work he had agreed to do, and the kind of materials it was agreed should be used in its construction, it is competent for him to state whether in fact the work had been done according to the contract. Such evidence is not within the law excluding the opinions of witnesses, but is a statement of facts within his knowledge

ID. — PAROL CONTRACT FOR SIDEWALK — VALIDITY — PRICE EXCEEDING ONE THOUSAND DOLLARS — CONSTRUCTION OF CODE. — A contract for the construction of a sidewalk in a city is governed by section 1191 of the Code of Civil Procedure, and not by section 1183 of that code; and a contract for such work is not void because not in writing when the price exceeds one thousand dollars.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellant.

All prior oral negotiations were merged in the written contract, and no testimony can be given of any conversation had before the written contract was made. (Code Civ. Proc., sec. 1856; *Dewitt* v. *Berry,* 134 U. S. 303; Civ. Code, sec. 1625; *Goldman* v. *Davis,* 23 Cal. 256; *Guy* v. *Bibend,* 41 Cal. 325.) As the contract was plain and unequivocal on its face, the court erred in allowing evidence of an independent collateral contract. (*Johnson* v. *St. Louis etc. R. R. Co.,* 141 U. S. 602; *Seitz* v. *Brewers R. M. Co.,* 141 U. S. 510.) The objections made by the defendant as to whether the work was done in accordance with the contract should have been sustained, as the question called for the conclusion of the witness. (*Wallace* v. *Maples,* 79 Cal. 433.) Witnesses must testify to facts, not draw conclusions or inferences. (*Allen* v. *Stout,* 51 N. Y. 668; Stephen's Digest, 127, and cases cited; *Odlin* v. *Gove,* 77 Am. Dec. 793; *Nicolay* v. *Unger,* 80 N. Y. 54; *Conner* v. *Stanley,* 67 Cal. 315. See also, as to conclusions, *Lowrie* v. *Salz,* 75 Cal. 349; *Gabbey* v. *Forgeus,* 38 Kan. 62; *Burlingame* v. *Rowland,* 77 Cal. 315; *Richards* v. *Derrick,* 2 N. Y. Sup. Ct. 417; *Levy* v. *Salt Lake City,* 5 Utah, 302. See also *Chamberlain* v. *Blain,* 27 Ill. App. 634; *J. A. Roebling's Sons* v. *Merchants' Union*

*B. W. Co.*, 78 Iowa, 608; *Maurer* v. *Miday*, 25 Neb. 575; *Fosdick* v. *Vanorsdale*, 74 Mich. 302. The work was to be done upon a structure within the meaning of the mechanic's lien law, and hence is governed thereby. (Code Civ. Proc., secs. 1183 et seq.; *Helm* v. *Chapman*, 66 Cal. 291; *Silvester* v. *Coe Q. M. Co.*, 80 Cal. 510.) The contract falls within the provisions of title IV. of chapter II. of part III. of the Code of Civil Procedure. (See Code Civ. Proc., secs. 1183 et seq.) The contract price is greater than one thousand dollars, and the contract does not conform to the law. (Code Civ. Proc., sec. 1184.) A contract to improve a lot in a city, or the street or sidewalk in front thereof, is within the provisions of the lien law. (Code Civ. Proc., sec. 1191.) All the provisions of the lien law should be construed together. (*West Coast L. Co.* v. *Newkirk*, 80 Cal. 275.) All contracts that do not conform to the provisions of the lien law are void, and no recovery shall be had thereon by either party thereto. (Code Civ. Proc., sec. 1184; *Kellogg* v. *Howes*, 81 Cal. 170; *Davies H. Lumber Co.* v. *Gottschalk*, 81 Cal. 641.)

*Chauncey H. Dunn*, for Respondent.

The oral negotiations were properly received in evidence, as the instrument offered in evidence was a mere memorandum, and not a contract. (*Joseph* v. *Holt*, 37 Cal. 250.)

DE HAVEN, J. — Action to recover an alleged balance for work done and materials furnished by plaintiff to defendant in the construction of a sidewalk in the city of Sacramento. The plaintiff recovered judgment in the superior court, and the defendant appeals.

The claim made by the plaintiff in the court below was, in substance, that by the terms of his contract he was to erect a wooden and cement sidewalk for defendant, with a brick bulk-head around its outer edge, the portion on Eighth Street to be made of new lumber, except that the old posts were to be used as supports for it,

the new lumber to be of the usual size and quality for such work, and to be covered over with a good quality of cement four inches thick, etc., and that part of the sidewalk to be placed on I Street was to be made of the best of the lumber taken from the old sidewalk around the premises at the time of making the contract, except that the top was to be covered with new one-inch redwood lumber, upon which was to be laid the cement. On the other hand, the defendant, in his answer, alleged that there was no agreement that old lumber should be used in the construction of the sidewalk referred to, but that it was "agreed between the parties that the said carpenter-work should be first class in all particulars, and that the materials should be new, strong, and of the best kind. It was further understood and agreed that the said work and labor should be performed in first-class manner, and that the work and materials should in all matters comply fully with the ordinances and directions of the city of Sacramento," etc.

The answer further alleged that the work was not performed according to this contract; that the old lumber used was weak, decayed, and broken, and the sidewalk, as constructed, unsafe and insecure.

1. Upon the trial, plaintiff introduced oral evidence tending to show the making of the contract with the agent of defendant, and that its terms were as contended for by plaintiff. It appeared, however, that after the oral negotiations were fully completed, and the terms of the contract agreed on, and about the time plaintiff commenced the work of building the sidewalk, he made and signed the following writing, and gave the same to the defendant or his agent: —

"To Right Rev. Bishop Wingfield.

"Contract for brick bulk-head to be built in this manner: Four feet six inches between buttresses to two brick or seventeen inches thick, and to be tapered in as you see the pier on outer side; the circle wall to be eight inch,

wall and all to be plastered outside with cement mortar. There is cement walk to be laid the full length, width, and also to do carpenter-work, and to be made ready to receive cement walk. All to be done in a good workmanlike manner for the sum of one thousand and eighty-one dollars ($1,081).    LUCUS KREUZBERGER,
"No. 1622 K St., Sacramento."

The defendant thereupon moved to strike out all evidence relating to oral negotiations and conversations between the parties prior to the making of this writing, upon the ground that the writing itself constituted the contract between the parties, and contained the only evidence of its terms. The motion was denied, and the court found the terms of the contract to be as testified to by the witnesses for plaintiff. The motion of defendant was properly denied. The rule is, of course, a familiar and salutary one, that when a contract has been reduced to writing, parol evidence is not admissible for the purpose of cutting down or adding to its terms. But in order for this rule to have any application, the writing must be one which, by legal construction, shows upon its face that it was intended to express the whole contract between the parties. (*Naumberg* v. *Young*, 44 N. J. L. 338; 43 Am. Rep. 380; *Harrison* v. *McCormick*, 89 Cal. 327.) It does not apply to a mere memoradum like the one we are now considering, and which does not of itself import any contract. (*Briggs* v. *Hilton*, 99 N. Y. 517; 52 Am. Rep. 63.)

It certainly cannot be determined from this writing whether the sidewalk therein referred to was to be constructed by the plaintiff, who signed it, or by the defendant, to whom it seems to have been addressed, and of course there is the same uncertainty as to who shall pay for the work. It does not define the mutual obligations of the parties, and is only signed by the plaintiff. In fact, it does not purport to bind any one. It contains no contract stipulations, and shows upon its face that it was only intended as an informal memorandum, and it

must therefore be considered in connection with the oral negotiations which preceded it.

2. While plaintiff was on the stand as a witness, and after he had testified fully in relation to the terms of the contract as he claimed them to be, he was asked the following: "And your work is in every way according to the contract that you agreed to do with Von Herlich? What is the character of the work on the Eighth Street side as regards the contract? Is it in accordance with the contract?"

The defendant objected to each of these questions, upon the ground that the same was irrelevant and incompetent, and called for the conclusion of the witness. The objection was overruled. The court did not err in these rulings. The questions did not call for the opinion of the witness, within the meaning of the law which excludes the opinions of witnesses, but for facts within his knowledge. The witness had just testified to the terms of the contract, — that is, as to the precise work which he had agreed to do, and the kind of materials he was to use in the construction of the sidewalk, — and it was certainly competent for him to state whether, in point of fact, this particular work had been done and such quality of materials used, and that was, in substance, all that the witness was called upon to say or did say in answer to the questions.

In the case of *Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108, the witness was allowed to answer this question: "So far as you could, individually, did you get those proofs of loss forwarded as soon as it was possible for you to do so?" And the court of appeals, in disposing of the objection that this question called for the conclusion or opinion of the witness, speaking by Church, C. J., there said: "While it would not have been a legal error to have sustained the objection, I am of the opinion, under the circumstances of this case, that it was not a legal error to overrule it. The object of all examinations in judicial tribunals is to elicit truth, and there are many cases where the form of questions and the manner of

examination must be left to the discretion of the trial
judge.   No injustice could have been done, because the
answer would not be likely to prevail against facts which
might be drawn out on cross-examination, or proved by
other witnesses, inconsistent with it."   So in this case,
the trial judge might properly have required the plain-
tiff to ask questions touching all the details of the work
of constructing the walk, its dimensions, and the grade
upon which it was laid, and the quality of the materials.
used in its construction; but it was clearly a matter
within the discretion of the trial judge to permit the
general question, and the defendant could, if he had so
desired, have called for more minute particulars upon
the cross-examination of the witness.

The cases of *Conner* v. *Stanley*, 67 Cal. 315, and *Es-
tate of Taylor*, 92 Cal. 564, are not in conflict with these
views.   In those cases the questions held to be erroneous
called upon the witness for answers which necessarily
must have been based upon his opinion of the law gov-
erning the case, as well as his knowledge of the facts.
The distinction between those cases and this one is in
this respect marked and important.

3.  The appellant further contends that the contract
upon which plaintiff has recovered judgment in this
action is void, under section 1183 of the Code of Civil
Procedure, as such contract was oral, and the price fixed
for doing the work therein mentioned exceeded one
thousand dollars.   It is sufficient to say, in answer to
this position, that the section referred to does not, by its
terms, expressly relate to contracts for building sidewalks
in cities, and we are unwilling to construe the section
as applying to any contract not clearly within its letter
as well as its reason.   Section 1191 of the Code of Civil
Procedure is the one that governs contracts for the con-
struction of sidewalks, and that section does not provide
that the contract for such work, when exceeding one
thousand dollars, shall be void if not in writing.

We do not deem it necessary to particularly notice the

other points made. We have considered them all, and find no error in the record.

Judgment and order affirmed.

SHARPSTEIN, J., and McFARLAND, J., concurred.