[Civ. No. 2569.   First Appellate District, Division One.—January 18, 1919.]

## SAN FRANCISCO CASING COMPANY (a Corporation), Appellant, v. OTTO MUELLER et al., Respondents.

Sale—Warranty — Parol Evidence — Incomplete Contract.—In an action on a contract of sale, the rule that where a contract is in writing, oral evidence is inadmissible to show an express warranty, does not apply when the contract was manifestly incomplete.

Id.—Rejection of Merchandise by Purchaser—Waiver of Provision as to Time.—A seller of goods, which he had warranted suitable for the buyer's business, who, after being notified of their unsuitability, repeatedly and persistently requested the buyer to make further trials thereof, waived a contract requirement that any rejection of merchandise be made within ten days from its receipt.

APPEAL from a judgment of the Superior Court of Alameda County.   Joseph S. Koford, Judge.   Affirmed.

The facts are stated in the opinion of the court.

R. S. Norman for Appellant.

W. E. Rode for Respondents.

KERRIGAN, J.—This is an action to recover a certain balance of an account for goods sold and delivered by plaintiff

to the defendants. In the answer the sale and delivery of the goods is admitted, but under facts therein alleged the defendants deny liability, and in a cross-complaint they set forth a breach of warranty as to part of the goods, and demand an affirmative judgment in their favor. The trial court found in accordance with the allegations of the cross-complaint, and rendered a judgment in favor of the defendants.

The particular item of the account which is the basis of this controversy arises from an order for sheep casings dated February 12, 1917. These casings were delivered March 28, 1917, and two days later the defendants in writing rejected them as unsatisfactory for the purpose for which they were bought. There is an abundance of evidence in the record that the casings were expressly warranted as suitable for defendants' business and sound and merchantable, and also that they did not comply with such warranty. Plaintiff claims that the contract for the sale of the sheep casings was in writing, and that oral evidence was inadmissible to show the express warranty. It does not seem to have made that objection in the trial court; nor does the rule here relied upon apply where, as here, the contract was manifestly incomplete. (*Kreuzberger* v. *Wingfield,* 96 Cal. 251, [31 Pac. 109]; *Luitweiler Co.* v. *Ukiah Co.,* 16 Cal. App. 198, [116 Pac. 707, 712].) That rule would be applicable, of course, where the transaction was evidenced by a formal written contract complete on its face, as was the case in *Germain Fruit Co.* v. *Armsby Co.,* 153 Cal. 585, 594, [96 Pac. 319].

Passing to the only other point urged by appellant, it appears that while the defendants immediately upon the receipt of the goods notified the plaintiff in effect that the casings were unsuitable for their business and not in accordance with plaintiff's representations, still defendants did not finally reject them within the ten days specified for rejection of goods found unsatisfactory; and upon this fact appellant bases an argument that defendants did not act promptly or offer to return everything of value received by them. We think the answer to this position is that the evidence received by the court shows that plaintiff waived the provision of the contract requiring any rejection of merchandise to be made within ten days from its receipt, by repeated and persistent requests that the defendants make further trials. Under the circumstances of the case it appears that the defendants acted

fairly, and took all necessary steps to entitle them to the relief demanded in the cross-complaint and granted by the trial court.

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.