[Civ. No. 3912. Second Appellate District, Division One.—July 5, 1922.]

## C. G. YARBROUGH, Respondent, v. BARNETT ROSENBURG et al., Appellants.

[1] CONTRACT—MEMORANDUM—PAROL EVIDENCE.—The rule that when a contract has been reduced to writing, parol evidence is not admissible for the purpose of cutting down or adding to its terms, has no application to a memorandum to pay a sum of money for "certain information" signed only by the promisor, where such memorandum shows on its face that it does not purport to represent fully the terms of the agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County. Edwin F. Hahn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hibbard & Kleindienst for Appellants.

Turnbull, Heffron & Kelley for Respondent.

JAMES, J.—Plaintiff was awarded judgment in the sum of $800 upon an alleged contract made with the defendants. Defendants have appealed from that judgment and here present the judgment-roll, insisting that the complaint of plaintiff fails to state sufficient facts to constitute a cause of action and that their demurrer interposed thereto should have been sustained.

In paragraph III of his complaint plaintiff alleged that on the 20th of December, 1920, defendants executed a "memorandum" in writing wherein and whereby the terms of said agreement were set forth, said instrument being in words and figures as follows, to wit:

"Dec. 20, 1920.

"Mr. C. G. Yarbrough,
    "2019 Bay St.,
        "Los Angeles, Cal.

"Dear Sir: Rosenburg Co., 336 E. 3rd St. agree for certain information regarding a 340 K. W. D. C. generator to pay you the sum of $800.00 if the set is bought for $5500.00 and to pay you the sum of $1000.00 if the set is purchased for less than $5000.00.

"Yours truly,
                "ROSENBURG & Co.
                "By F. P. ARROUSEZ."

It was further alleged that in consideration of said agreement plaintiff furnished to the defendants the information referred to in said memorandum, "to wit, information where and when a certain 340 K. W. D. C. generator might be purchased. That the said information so furnished by plaintiff to the defendants was the same information and all of the information referred to in said memorandum aforesaid and was all of the information required to be furnished and asked for by the defendants." It was further alleged that defendants did purchase the generator for a sum less than $5,000 and that they had refused plaintiff's demand to pay for the service rendered. **[1]** Appellants

insist that the written memorandum must be taken as representing the contract made between the parties and that it is unenforceable because the consideration to be rendered by the plaintiff is not therein stated. The words "certain information," it is contended, are too indefinite to describe what the service to be rendered by the plaintiff was. The case of *Talmadge* v. *Arrowhead R. Co.,* 101 Cal. 367 [35 Pac. 1000], and other decisions are cited to this point. The written memorandum (signed only by defendants) does not purport to represent fully the terms of the agreement except that it does express the amounts to be paid by defendants in the different contingencies. The more complete terms of the contract are shown by the further allegations of the complaint to which reference has been made. The case presented is like that considered in *Kreuzberger* v. *Wingfield,* 96 Cal. 251 [31 Pac. 109], where the court referred to a writing as a mere memorandum made by one of the parties, and held that it was competent for the opposite party to make oral proof of negotiations and conversations, and in that connection it was said: "The rule is, of course, a familiar and salutary one, that when a contract has been reduced to writing, parol evidence is not admissible for the purpose of cutting down or adding to its terms. But in order for this rule to have any application the writing must be one which, by legal construction, shows upon its face that it was intended to express the whole contract between the parties. (*Naumberg* v. *Young,* 44 N. J. L. 338 [43 Am. Rep. 380]; *Harrison* v. *McCormick,* 89 Cal. 327 [23 Am. St. Rep. 469, 26 Pac. 830].)"

The demurrer was properly overruled. The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.