[L. A. No. 8917. Department One.—December 9, 1927.]

WILLIAM J. NIMMO, Respondent, v. GERALD FITZGERALD et al., Appellants.

[1] SALES — ACCOUNTS — PLEADING. — In an action upon promissory notes representing the purchase price of the capital stock of a corporation owning a certain business, a counterclaim does not state a cause of action which alleges that the seller warranted that accounts listed as corporate assets in the agreement for sale of said stock were collectible and guaranteed that the purchasers would receive the moneys represented by said accounts, and that the latter attempted to collect said accounts but were unable to do so, there being no allegation that they were not good or collectible or that the claims had been reduced to judgment, and that execution thereon was unsatisfied, or that the debtors were insolvent and it would be futile to prosecute them.

[2] ID.—GUARANTY OF OBLIGATIONS.—A guaranty to the effect that an obligation is good, or is collectible, imports that the debtor is solvent, and that the demand is collectible by the usual legal proceedings, if taken with reasonable diligence.

[3] ID.—WRITTEN CONTRACT SILENT ON WARRANTY—INADMISSIBILITY OF PAROL EVIDENCE. — Where a written contract for the sale of personal property is silent as to a warranty, parol evidence is inadmissible to prove the warranty.

[4] ID. — ASSETS OF BUSINESS—CONSTRUCTION.—Where a written contract for the sale of the capital stock of a corporation owning a certain business set forth the assets and the liabilities including

2. Guaranty of collection, note, 64 Am. St. Rep. 393. See, also, 13 Cal. Jur. 94; 12 R. C. L. 1090.

3. Parol evidence to show warranty outside of the contract, notes, 5 Am. St. Rep. 197; 19 Ann. Cas. 542; 19 L. R. A. (N. S.) 1183. See, also, 22 Cal. Jur. 975; 23 R. C. L. 1399.

4. See 22 Cal. Jur. 957.

various accounts receivable, a warranty of collectibility of the accounts was not implied by the use of the word "assets" in the contract.

(1) 14 **C. J.**, p. 710, n. 69.    (2) 28 **C. J.**, p. 971, n. 33.    (3) 22 **C. J.**, p. 1119, n. 83, 84.

APPEAL from a judgment of the Superior Court of Los Angeles County. John L. Fleming, Judge. Affirmed.

The facts are stated in the opinion of the court.

O. C. Sattinger and LeRoy M. Edwards for Appellants.

Lissner, Roth & Gunter for Respondent.

PRESTON, J.—The complaint in this action alleges the execution by defendants to plaintiff of two promissory notes, each for $2,000; a payment of $1,000 on account of the first note and the balance of $3,000, plus interest and attorney fees, due, owing, and unpaid.

It appears that in 1923 plaintiff and one Shattuck, owners of Shattuck & Nimmo Warehouse Company, a corporation, entered into a written agreement for the sale of all the capital stock of said corporation, $30,000 par value, to defendants, at a purchase price of $34,000, payable in deferred payments represented by promissory notes, the last two of which are the ones here in suit. Both the assets and liabilities were set forth in said agreement and included in the list of assets were various accounts receivable, totaling $8,234.86, $685.51 of which defendants claim they have been unable to collect. The contract is eminently fair. Although the par value of the stock purchased for $34,000 was but $30,000, nevertheless the contract shows the net assets conveyed to be worth approximately $38,000. The entire purchase price, with the exception of the two notes involved in this litigation, was paid.

Defendants question neither the execution of the notes nor the amounts due thereon, but in their answer, to which the written agreement is an exhibit, they allege as a counterclaim that the sellers represented and warranted to them, as an inducement for entering into the contract, that each and every one of the accounts receivable was good and

collectible and they ask that the sum of $755.51 be allowed them as a set-off against any indebtedness due on said notes.

On trial of the case objection to the introduction of any evidence by defendants was sustained on the ground, first, that the answer and counterclaim failed to state a cause of action, and, second, that defendants were attempting to vary the terms of the written contract by parol evidence. The court gave judgment for plaintiff in amount of $3,772.31, being the balance due on the notes, including attorney fees at ten per cent, less a set-off of $70, stipulated to by plaintiff.

The sole issue raised by defendants on this appeal is as to the correctness of the court's ruling in excluding the testimony offered by them.

[1] The counterclaim does not state a cause of action. It alleges that the sellers "warranted to the defendants that each of said accounts receivable was collectible, and agreed and guaranteed that the defendants would receive the money represented by said accounts receivable. That the defendants . . . attempted to collect each and every one of the aforesaid accounts . . . but have been unable to collect any part of the same . . . that the balance due upon said accounts . . . is still uncollected, due, owing and unpaid to the defendants. . . . " These allegations do not tender an issue.

[2] "A guaranty to the effect that an obligation is good, or is collectible, imports that the debtor is solvent, and that the demand is collectible by the usual legal proceedings, if taken with reasonable diligence." (Sec. 2800, Civ. Code.) Here the allegation is merely that defendants attempted to collect the accounts but were unable to do so. There is no allegation that they were not good or collectible or that the claims had been reduced to judgment, and execution thereon returned unsatisfied, or that the debtors were insolvent and it would be futile to prosecute them. A case directly in point is *Ohio Electric Car Co.* v. *LeSage,* 182 Cal. 450, 453, 454 [188 Pac. 982], where defendant appealed on the judgment-roll alone, upon the sole point that the complaint did not state a cause of action against him. The court said: "There is no allegation that the plaintiff . . . has taken any legal proceedings to collect from said com-

pany indemnities alleged to be due it, or that said company is insolvent, or that for any other reason legal proceedings against them would be unavailing. No facts are alleged to indicate that the debts of the Garage Company could not have been enforced by ordinary legal proceedings. The appellant contends that the complaint is insufficient against him because of the want of such allegations and we think this contention must be sustained.

"It is, in effect, a guaranty of collection such as that mentioned in section 2800 of the Civil Code. Such a guaranty imports that the debtor is solvent and that the demand is collectible by the usual legal proceedings, if taken with reasonable diligence. If such proceedings are not taken, the guarantor is discharged unless 'no part of the debt could have been collected thereby' or unless the principal obligor has removed from the state leaving no property therein from which the obligation might be satisfied (Civ. Code, secs. 2801, 2802). The complaint does not show any of these facts, or any excuse for the failure to take legal proceedings first against the principal."

[3] Exclusion of the testimony on the ground that defendants were attempting to vary the terms of the written contract by parol evidence was likewise proper. Defendants contend that where, as here, the written contract is silent, evidence is admissible to prove a parol warranty, said warranty being collateral to the written contract. Such is not the law of this state. The rule announced by this court in numerous decisions is well stated in the case of *Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 585, 594, 595 [96 Pac. 319, 322], as follows: "There are well-considered cases holding that an express warranty can be proven by parol evidence where the contract of sale is silent in this respect. The decisions in these cases are based upon the principle that a warranty is not one of the essential elements of a sale, but is a mere collateral undertaking. (*Chapin* v. *Dobson*, 78 N. Y. 74 [34 Am. Dec. 512].)

" 'This view, however, is not in harmony with the cases upon which the latest declarations of the law on this subject by our supreme court rest . . . (citing *Thompson* v. *Libby*, 34 Minn. 377 [26 N. W. 2]).

" 'Where the written sale contains no warranty . . . parol evidence is inadmissible to prove the existence of the

warranty . . . (*Johnson* v. *Powers,* 65 Cal. 181 [3 Pac. 625] ; citing Benjamin on Sales, 621.)

" ' "If it (the writing) imports on its face to be a complete expression of the whole agreement . . . parol evidence cannot be admitted to add another term to the agreement, altho the writing contains nothing on the particular one to which parol evidence is directed. The rule forbids to add by parol when the writing is silent. . . . " (*Harrison* v. *McCormick,* 89 Cal. 330 [23 Am. St. Rep. 469, 26 Pac. 830].) . . . ' " (Also citing many other cases.) See, to the same effect, *United Iron Works* v. *Outer H. etc. Co.,* 168 Cal. 81 [141 Pac. 917], and *Madera S. P. Co.* v. *N. B. Livermore & Co.,* 179 Cal. 116, 117 [175 Pac. 456].

[4] Defendants advance the further theory that a warranty is implied by the use of the word "Assets" in the contract, and the statement that it is agreed that the buyers shall receive all property represented by said list of assets. The buyers received exactly what the contract purported to convey, to wit : those certain accounts receivable listed therein. There is no suggestion that the accounts were not *bona fide* accounts or that the sellers failed to deliver them to the buyers. " . . . a mere contract of sale or agreement to sell does not imply a warranty." (Civ. Code, sec. 1764.) The contract to sell certain listed assets undertook no more than to convey to the buyers the assets so agreed to be conveyed.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.