[L. A. No. 9069. In Bank.—January 22, 1929.]

CALPETRO PRODUCERS SYNDICATE (a Partnership) et al., Appellants, v. CHAS. M. WOODS CO. (a Corporation), Respondent.

Athearn, Chandler & Farmer, Frank R. Devlin, Walter Hoffman, and Milton T. Farmer for Appellants.

Hyams & Himrod and Frank English for Respondent.

PRESTON, J.—This is an action upon an implied guaranty of title upon the sale of personal property. Defendant had judgment. Plaintiffs have appealed.

The appeal is determined by the proper application of a rule of evidence. Plaintiffs purchased from the defendant upon April 6, 1923, under a written conditional sales contract, certain oil-drilling machinery, which contract not only on its face shows that the writing contained all the

terms and conditions of sale and purchase, but in it is found a clause making this fact certain, which reads as follows:

"It is expressly understood this proposal made in duplicate contains all agreements pertaining to property herein specified, there being no verbal understanding whatsoever, and when signed by purchaser and approved by an executive officer or local manager of the Charles M. Woods Company becomes a binding contract between the parties hereto."

It appears, however, that prior thereto and on or about January 3, 1923, defendant herein had, under a like contract, agreed to sell this identical personal property to one J. E. O'Hea. However, on the said sixth day of April, 1923, said O'Hea was, by the district court of the United States for the southern district of California, declared a bankrupt. Soon thereafter the trustee of said bankrupt made claim to the personal property involved in this action by reporting it as a part of the assets of said estate and posting notices upon the property itself.

Thereafter, and on or about April 16, 1923, appellants herein, acting presumably under a provision of the said sales contract with respondent requiring them to protect respondent's title thereto, filed in the said bankruptcy proceedings a petition styled "Petition for order of reclamation from trustee," in which petition they sought to have the claims of said bankrupt estate adjudged groundless and respondent's and their own rights to said property confirmed. At the time this petition was filed appellants had not made all the payments called for under said sales contract, although they later made them according to the terms of their covenant, so the title to said property as between the parties hereto was at said time in respondent. The trustee answered and a hearing was had on this issue before the referee, in which J. A. Smith, the secretary and treasurer of respondent, testified as a witness at the instance of appellants. The result of this hearing was an order and decree of said referee in bankruptcy, dated June 29, 1923, that the bankrupt's interest in said property had not been forfeited by respondent and that, subject to the unpaid portions of the purchase price due from O'Hea to respondent, the beneficial interest in said prop-

erty was vested in the said bankrupt and that appellants here had no interest therein except as assignees of respondent by virtue of their contract of sale.

A review of this order of the referee was sought and obtained in the district court, and on January 15, 1924, the findings and order of the referee in said matter were in all respects confirmed. A judicial sale of said property thereafter occurred in said bankruptcy proceedings, at which appellants became the purchasers, buying in the property, the subject of this action, in connection with other property and property rights, for the sum of $25,000, which said sale was confirmed on May 25, 1925.

On April 5, 1924, appellants brought the present action, setting up said written contract of sale, the bankruptcy of said O'Hea, the action of the trustee of his estate, and the order and judgment of the referee respecting said property, the confirmation of said order by the district court, and the further fact that respondent had full notice of the proceedings taken in said bankruptcy proceedings and should be bound by the judgment entered therein, and prayed for judgment against respondent in the sum of $25,000, plus interest and costs, to which respondent filed its answer and amended answer, denying liability and basing its principal defense upon the ground that appellants took the title to said property subject to any claim or claims that might be made thereto by said O'Hea and his representatives, and expressly, but orally, waived a guaranty of title thereto.

The court sustained the defenses made by respondent and, among other things, found that appellants knew of the previous sale of said personal property to O'Hea under a conditional sales contract and were familiar with all the terms and conditions of said sale and knew that respondent had retaken possession of said personal property and had attempted to foreclose or terminate all rights of O'Hea under said contract, and at all times knew all the facts concerning the retaking of possession of said personal property by respondent and the foreclosure proceedings in connection therewith, and further found that it was understood and agreed between respondent and appellants that the appellants should take possession of said personal property subject to any claims or infirmities in the said proceedings

had against said O'Hea, and that they would be satisfied with the title of respondent so secured by said proceedings and waived any express or implied warranty of title to said personal property on the part of respondent. The court further found that while it was true that J. A. Smith, the secretary and treasurer of respondent, was called as a witness and asked certain questions as to the steps taken to forfeit the rights of said O'Hea, yet said witness was not allowed to answer the questions so propounded, and found still further that respondent did not at any time during the pendency of said proceedings in the bankruptcy court receive notice from appellants that the trustee in bankruptcy was asserting any title or right to the possession of said property nor was it informed of the nature of said proceedings in bankruptcy with relation to said property, nor did it at any time receive a request or demand from appellants to appear in said proceedings, nor did it at any time receive from appellants an opportunity to so defend, nor did it at any time receive notice that it would be held responsible for any damages or detriment suffered by appellants. Judgment upon these findings passed for respondent.

Parol evidence was the sole resort for the testimony upon which the court predicated its findings that respondent refused to warrant the title to said property and that appellants expressly waived the implied guaranty of title given by section 1765 of the Civil Code. The important question, then, is: Was it proper under this written contract for the court to permit an excursion into the domain of parol evidence to establish a waiver of the implied warranty of title above mentioned?

To justify this position taken by the court respondent depends upon the case of *Miller* v. *Van Tassel,* 24 Cal. 459, 464, 465. This decision was followed in this respect in *Johnson* v. *Powers,* 65 Cal. 179 [3 Pac. 625], and referred to approvingly in *Hull* v. *Ray,* 80 Cal. App. 284, 292 [251 Pac. 810]. Said case of *Miller* v. *Van Tassel* must therefore receive consideration at our hands. It must be admitted that language found therein upholds the action of the court. Said action was brought by the vendee of an American jack to recover back from the vendor the purchase money, on the ground that the vendor had no title

at the time of the sale. The whole writing with respect to the transaction read as follows: "This is to certify that I have sold to William Miller my brown Maltese Jack, for $1,000. N. Van Tassel." The contention was made that inasmuch as the bill of sale or memorandum above quoted was a part of the contract of sale, its terms could not be varied by parol; hence it was not competent for the vendor to show by parol that the vendee expressly waived a warranty of title and agreed to take the animal at his own risk. The court rejected this contention and held that a warranty of title was presumed by the law to exist whether the contract was in writing or verbal, and such warranty had its existence independent of the contract of sale, and was imputed because of possession by the vendor; being independent of the contract of sale, its existence could be shown by parol whether the contract of sale was in writing or verbal. The general conclusion that parol evidence was admissible reached in that case was correct, and could have been based alone upon the evident fact that the writing did not contain all the terms and conditions of the contract of sale. (*Kreuzberger* v. *Wingfield*, 96 Cal. 251, 255 [31 Pac. 109]; *Williams* v. *Ashurst Oil etc. Co.*, 144 Cal. 619, 624 [78 Pac. 28]; *United Iron Works* v. *Outer Harbor etc. Co.*, 168 Cal. 81, 84 [141 Pac. 917].) But the main reasoning upon which the conclusion was actually based is not in harmony with later expressions of this court.

That a warranty is as much one of the elements of sale and as much a part of the contract of sale as any other portion of the contract, and is not a mere collateral undertaking, was held in *Germain Fruit Co.* v. *Armsby Co.*, 153 Cal. 585, 594 [96 Pac. 319]. We cannot give the holding in that case full credit and at the same time uphold the pronouncement of the court as to the nature of the warranty in *Miller* v. *Van Tassel, supra.* See, also, to the same effect, *United Iron Works* v. *Outer Harbor etc. Co., supra,* at page 85, of 168 Cal. [141 Pac. 920], where the court quotes from 2 Mechem on Sales, section 1254, as follows: "The rule is well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal obligation, it will, in the absence of fraud, accident or mistake, be conclusively presumed that the writing contains the whole of the agreement between

the parties, and parol evidence of prior, contemporaneous or subsequent conversations, representations or statements will not be received for the purpose of adding to or varying the written instrument. If, therefore, such a writing exists between the parties, and it contains no warranty at all, no warranty can be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge or modify that which the writing specifies.''

The holding in the two last-mentioned cases was approved in the recent case of *Nimmo* v. *Fitzgerald*, 202 Cal. 565, 568 [261 Pac. 1015], where an attempt was made to introduce parol evidence to vary a written contract so as to show an express warranty, the court using the following language: ''Exclusion of the testimony on the ground that defendants were attempting to vary the terms of the written contract by parol evidence was likewise proper. Defendants contend that where, as here, the written contract is silent, evidence is admissible to prove a parol warranty, said warranty being collateral to the written contract. Such is not the law of this state.''

From this line of cases it will be seen that this court has repeatedly held that a warranty not contained in a written instrument cannot be inserted therein by parol. Neither can a warranty that is found within the writing be varied in that manner. But this does not exclude from the contract the warranty the law writes therein. On the contrary, the pronouncement of these cases is but the converse of the question we have before us and foreshadows a departure from the reasoning in *Miller* v. *Van Tassel*, *supra*.

But other decisions of our courts have spoken directly upon the question before us. For example, in the case of *Standard Box Co.* v. *Mutual Biscuit Co.*, 10 Cal. App. 746, 750 [103 Pac. 938, 939], it is said: ''It is a well-settled principle that that which is implied by law becomes as much a part of the contract as that which is therein written, and if the contract is clear and complete when aided by that which is imported into it by legal implication, it cannot be contradicted by parol in respect of that which is implied any more than in respect of that which is written.''

In *Peterson* v. *Chaix*, 5 Cal. App. 525, 527 [90 Pac. 948, 954], it is said: ''There is another principle to be observed, namely, that whatever the law implies from a contract in writing is as much a part of the contract as that which is therein expressed; and to the extent that the contract, with that which the law implies, is clear, definite and complete, it cannot be added to, varied or contradicted by extrinsic evidence. . . . ''

In *Kullman, Salz & Co.* v. *Sugar Apparatus Mfg. Co.,* 153 Cal. 725, 731 [96 Pac. 369, 371], it is said: ''But the general principle of law, well settled, is that where a complete written contract is made, oral representations or warranties, and implied warranties, and all oral negotiations, are merged in the written contract, and by its terms the parties must be bound. (Civ. Code, sec. 1625, etc.)'' The above statement is quoted with approval in *Monahan* v. *Watson*, 61 Cal. App. 417, 421 [214 Pac. 1001]. See, to the same effect, *California D. & M. Co.* v. *Crowder,* 58 Cal. App. 529, 531, 533 [209 Pac. 68]; 17 Cyc. 570; also the recent case of *LaFrance* v. *Kashishian,* 204 Cal. 643 [269 Pac. 655].

Thus the cases of *Miller* v. *Van Tassel, supra,* and *Johnson* v. *Powers, supra,* on this point have been practically receded from by this court. In the LaFrance case, above cited, plaintiff, a lessee, was suing the lessor for a violation of the implied warranty of title to the premises. The lease was silent as to any guaranty of ownership of the premises by the lessor, but the plaintiff relied upon the implied warranty of title given by section 1927 of the Civil Code. Defendant sought to show by parol testimony that plaintiff agreed to accept such title as the defendant had and to take possession of the premises subject to all infirmities therein and had been conceded a reduced rental in view of that fact, well knowing his title rested merely upon tax proceedings. But this court upheld the lower court in the rejection of such parol testimony, saying: ''But the weight of authority, especially as bearing upon a matter such as is here presented, is to the effect that an implied stipulation in a contract is of as great force as though it were fully set forth therein, and such implied stipulation may no more be contradicted or varied by parol evidence

than may be that which is clearly expressed.'' This we conceive to be the doctrine that must be applied here.

The case of *Johnson* v. *Powers, supra,* in so far as it upholds the case of *Miller* v. *Van Tassel, supra,* is subject to the same misconception of the nature of the implied warranty above pointed out. The same is true of the case of *Hull* v. *Ray, supra.*

We therefore conclude that parol testimony to vary the terms of the written contract, the subject of this action, was inadmissible; hence the findings of the court below to the effect that appellants waived the implied warranty of title given by the statute are without legitimate support in the record. This conclusion makes necessary a reversal of the cause. We have been asked, however, not only to reverse the judgment of the court below, but also to direct a judgment in favor of appellants and against respondent. This we feel disinclined to do. The binding character of the judgment of the federal court upon respondent is not absolutely certain in view of the nature of the proceedings and of the findings of the court. This fact, and other reasons not necessary to dwell upon, render the amount of damage suffered by appellants uncertain. Neither party should, therefore, be denied a full opportunity to present its position on these questions upon a second trial.

The judgment is reversed.

Richards, J., Curtis, J., Langdon, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.