[Civ. No. 7303. First Appellate District, Division Two.—September 29, 1930.]

PAUL KOCHER, Appellant, v. CARTMAN TIRE EX-CHANGE et al., Respondents.

Wallace E. Hyde, Clinton F. Stanley and Raymond McIntosh for Appellant.

Goldman, Nye & Reed M. Clarke for Respondents.

STURTEVANT, J.—As assignee the plaintiff sued to recover a judgment against the defendants on a claim for rubber tires. The defendants answered by denying the material allegations of the complaint and pleading a warranty made by the vendor. The trial court made findings in favor of the defendants and from a judgment thereon the plaintiff has appealed.

Among the findings so made by the trial court was one which was very broad, finding that the warranty was made, that it was breached and that the plaintiff might not recover. Plaintiff says that the finding is not supported by proper evidence. ■ He calls to our attention written orders signed by the defendants in which the defendants ordered so many tubes of such and such sizes. Those orders were signed by the defendants and by a salesman of the seller, but the orders do not purport to be contracts. No word indicating a sale is used. They name no price nor prices nor the total amount of the goods purchased. They specify red tubes and sizes. Nothing more. It appears from one that the parties were dealing in tubes, but it does not appear that they were dealing in any particular tubes, automobile or others. Such orders were not contracts, they were but a portion of the evidence of the actual contracts. (*San Francisco Casing Co.* v. *Mueller*, 39 Cal. App. 395 [179 Pac. 211]; *Harrison* v. *McCormick*, 89 Cal. 327 [23 Am. St. Rep. 469, 26 Pac. 830]; *Kreuzberger* v. *Wingfield*, 96 Cal. 251 [31 Pac. 109]; *Joseph* v. *Holt*, 37 Cal. 250.) Under these circumstances the trial court made no ruling that was in conflict with the rule stated in *Germain Fruit Co.* v. *Armsby*, 153 Cal. 585 [96 Pac. 319]. ■ After the orders were placed the seller transmitted certain invoices on which it attempted to place certain additional covenants into the contract. Such additions were mere self-serving declarations on the part of the seller and were not binding on the purchasers. (*Campion* v. *Downey*, 77 Cal. App. 125 [245 Pac. 1098].) ■ None of· the additions or indorsements mentioned had the effect of precluding the defendants from introducing their defense and, it having been introduced, the most that can be said is that there is a conflict in the evidence as to the warranty. Under these cir-

cumstances the finding of the trial court may not be disturbed.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 29, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 24, 1930.