[Civ. No. 6490. Second Appellate District, Division Two.—January 23, 1931.]

R. J. KENNEDY et al., Respondents, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Bailie, Turner & Lake and Allen T. Lynch for Appellant.

John J. Craig for Respondents.

ARCHBALD, J., *pro tem.*—This is an appeal by the defendant National Surety Company from a judgment for $4,117.09 in favor of plaintiffs and against all defendants.

The action was brought by R. J. Kennedy and J. F. Alexander, partners under the fictitious firm name of Wilshire Plumbing Company, to recover a balance due them for labor and material furnished by them under a subcontract to Whiting, Boynton & Potts, appellant's co-defendants in the case, who had the contract for the erection of an apartment building on a lot owned by one Gussie Starling. Subsequent to the making of the general contract the contractors applied to the National Surety Company for a labor and material bond under section 1183 of the Code of Civil Procedure, and were advised by the representative of such com-

pany that because of the insufficient financing of the project the company could not write a bond unless they had a release or waiver to cover the difference between the cost of the building and the amount of the first mortgage thereon. The general contractors secured a waiver from plaintiffs in the following language:

"January 7, 1926.

"To: National Surety Company, Guaranty Mortgage Company.

"Gentlemen: I (we) hereby agree to furnish building materials and supplies to the value of $10,000.00 to Whiting, Boynton & Potts, as contractor, and Miss Gussie Starling as owner, for use in the construction of a building on lot 24, of Foreman's Subdivision of the west 20 acres of lot 8, block 36, Hancock's Survey, as described in book 21, page 20, miscl. records of Los Angeles county, and do hereby waive my (our) right of lien in respect thereof against the property above described and also my (our) rights against the National Surety Co. as sureties for the above described building.

"WILSHIRE PLUMBING COMPANY,
"By R. J. KENNEDY."

Such waiver was delivered to the surety company and thereafter, on the eighth day of January, 1926, the latter executed the bond upon which suit was brought and judgment entered against them. The trial court found that respondents executed the waiver above set forth, that it was not signed as part consideration for the subcontract of respondents but was signed after such subcontract had been executed, and that there was no consideration for it. No finding was made by the court on the second separate defense of defendants' first amended answer, which pleads the waiver as an estoppel; and as to the third defense, which alleges in substance that the claim of plaintiffs was waived, the court found adversely.

There does not seem to be any conflict in the evidence except as hereinafter noted. Mr. Kennedy of the respondent firm admitted signing the waiver and testified that when his company was awarded the subcontract the general contractor stated to him that in order to bond the job it would be necessary for them to furnish certain releases to the bonding company, and that that is why the waiver was

given. Mr. Marcy of the surety company testified that he told Mr. Kennedy that he would have to have a certain amount of releases or he could not execute the bond, and that after receiving the waiver he "verified this over the telephone with Mr. Kennedy that he had signed it" and then issued the bond; that he had two conversations with Mr. Kennedy, the first on the day before the bond was executed and the second on the day of its execution. Mr. Boynton of the firm of general contractors testified that before the subcontract was let to respondents he told Mr. Kennedy that for the job to go ahead it was "necessary to obtain certain releases against the building company," and that if he was to receive the subcontract "it would be necessary that we have a release from him, in the amount we then agreed upon as $10,000." We find nothing in the evidence conflicting with the foregoing except the following question and answer relative to the waiver: "Q. By Mr. Craig: Did you get any consideration at all for this, Mr. Kennedy? A. No, sir." Such a statement, in the face of the detailed statement not only of Mr. Kennedy but of the other witness, could be nothing except a bare conclusion and could not create a conflict in the evidence. Under the evidence, then, it clearly appears that not only was the awarding of the subcontract conditioned on the giving of the waiver, but that the entire job depended on the execution of the bond, which was refused unless and until such waiver was obtained.

It also clearly appears without conflict that the bond was executed in reliance upon the waiver, and it was the thing that induced appellant to execute the bond. There would seem to be no question but that respondents could waive the rights that would otherwise pertain to them under the bond. (*Fraters Glass & Paint Co.* v. *Southwestern Const. Co.*, 200 Cal. 688 [254 Pac. 1097].) It is true that in the case cited the right to a lien against the property on which the building was constructed was waived, but on principle we see no difference between such a waiver and the one given here.

The defense of estoppel set up in appellant's second and separate defense raised a material issue upon which the trial court should have made a finding. (*Taylor* v. *Taylor*, 192 Cal. 71, 81 [51 A. L. R. 1074, 218 Pac. 756].)

Inasmuch as a jury was expressly waived in this case and as it is inconceivable that there could be any change in the evidence presented on a new trial, the evidence being so clearly and indisputably in favor of appellant, we feel compelled in the interest of justice to make findings on the evidence before us contrary and in addition to those of the trial court. (Sec. 956a, Code Civ. Proc.; *Kirk* v. *Culley*, 202 Cal. 501, 507 [261 Pac. 994].)

Contrary to finding II of the trial court we find that all of the allegations of the defendant National Surety Company's third, separate and further defense, as set forth in its first amended answer, are true. Contrary to finding IV of the trial court we find that the release, or waiver, mentioned and described therein was executed prior to and as part consideration for the execution of the plumbing contract set out and described in paragraph V of plaintiffs' complaint, as part consideration for the awarding of said contract to plaintiff by defendants Whiting, Boynton & Potts and as part consideration for the giving by the defendant National Surety Company of the bond described, in plaintiffs' complaint, and that there was a sufficient consideration for the execution thereof. And in addition to the foregoing contrary findings we further find that all of the allegations contained in defendant National Surety Company's second, separate and further defense are true.

The judgment is reversed and the trial court directed to enter a judgment in accordance herewith.

Works, P. J., and Thompson (Ira F.), J., concurred.