[Civ. No. 719.   Fourth Appellate District.—February 26, 1932.]

RICHARD P. MENEFEE et al., Appellants, v. ROBERT A. KLEIN & COMPANY (a Corporation) et al., Respondents.

Vetran Ricca and Gerard Cuoco for Appellants.

Haves & Engelhardt for Respondents.

LAMBERT, J., *pro tem.*—On June 1, 1925, Arley F. Darnielle and Edna Darnielle executed a promissory note and trust deed on real property securing the same in favor of Robert A. Klein & Company.  The note was in the sum of $2,650, payable in installments of $35 per month with interest at eight per cent per annum.  The note and trust deed were on July 7, 1925, sold to appellants by Robert A.

Klein & Company for $1842.87. The note and trust deed were transferred to appellants with the indorsement ''Without recourse''. At the same time the respondent Robert A. Klein & Company executed and delivered to plaintiffs the following document:

''Guarantee.

''We, Robert A. Klein & Co. have sold this day to Richard P. and Anna P. Menefee, a Trust Deed Note secured by property, as of legal description on Trust Deed, executed by Arley F. and Edna Darniella, in the amount of $2,632.67, at Thirty per Cent Discount or $789.80, and hereby guarantee the said purchasers against any loss, or any expense, in the purchase of same.

''Signed, Robert A. Klein & Co.

''Robert A. Klein, Pres.''

After making six monthly payments on the note the Darnielles defaulted in the payments and appellants brought this action on the above guaranty. The case was tried by the court and judgment rendered in favor of defendants. ▪ Appellants prosecute this appeal, contending that the guaranty sued on is an unconditional guaranty. This contention cannot be upheld. ''A guaranty is to be deemed unconditional unless its terms import some condition precedent to the liability of the guarantor.'' (Civ. Code, sec. 2806.) ''A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal and without demand or notice.'' (Civ. Code, sec. 2807.) ''A guaranty to the effect that an obligation is good or is collectable, imports that the debtor is solvent and that the demand is collectable by the usual legal proceedings if taken with reasonable diligence.'' (Civ. Code, sec. 2800.) Whether or not the condition contended for attached to the guaranty is to be determined by the language of the contract. (*Adams* v. *Wallace,* 119 Cal. 67 [51 Pac. 14].) There is a well-defined distinction between an unconditional guaranty and a guaranty for collection. This is aptly stated in *Pierce* v. *Merrill,* 128 Cal. 464, at 471 [79 Am. St. Rep. 56, 61 Pac. 64, 66], by a quotation from *Burton* v. *Dewey,* 4 Kan. App. 589 [46 Pac. 325], as follows:

'' 'There is a well-understood difference between a guaranty of payment, and a contract of indemnity against loss as the result of the nonpayment of a debt. In the first case

the liability of the guarantor is fixed by the failure of the principal debtor to pay at maturity, or at the time when payment was guaranteed. In the second, the contract partakes of the nature of a guaranty of collection, no liability being incurred until after, by the use of due and reasonable diligence, the guarantee has become unable to collect the debt from the principal debtor.' ''

The guaranty in the instant case is clearly one to indemnify appellants against loss or damage by reason of the purchase of the note and trust deed, that is, a guaranty of collection. Until an effort was made to collect the note from the makers thereof and the security exhausted by a sale of the property under the trust deed, and the loss, if any, ascertained, no recovery could be had on this guaranty. In the case of *Ohio Electric Car Co.* v. *Le Sage,* 182 Cal. 450 [188 Pac. 982, 983], which was an action on a guaranty, the guaranty read as follows:

"Whereas—We are interested in the Washington Street Electric Garage Co. and at our request the Ohio Electric Car Co. has consented to deliver certain automobiles to the Washington Street Electric Garage Co., without payment therefor in cash, and that the said Ohio Electric Car Co. has further, at our request, entered into the foregoing contract with the Washington Street Electric Garage Co., we hereby guarantee to hold the Ohio Electric Car Co. whole and harmless from any and all loss or damage by reason of any transaction or transactions between it and the Washington Street Electric Garage Co."

The complaint alleged that the plaintiff had sold certain automobiles to the garage company, for which no payment had been received. The court held that the guaranty was one of collection and was governed by section 2800 of the Civil Code, and at page 453 it is said:

"There is no allegation that the plaintiff has suffered any loss or damage by reason of any transaction with the Garage Company, or that the plaintiff has taken any legal proceedings to collect from said company indemnities alleged to be due it or that said company is insolvent, or that for any other reason legal proceedings against them would be unavailing. No facts are alleged to indicate that the debts of the Garage Company could not have been enforced by ordinary legal proceedings. The appellant contends that the complaint

is insufficient against him because of the want of such allegations and we think this contention must be sustained.''

■ It appears, however, that while the judgment in this case is correct, the findings and conclusions of law are in some particulars erroneous. This does not necessitate a reversal of the judgment. The evidence could be no different on another trial and the judgment being manifestly right, we are disposed to strike finding number 7 from the findings of the trial court and to add to the conclusions of law in one particular. (Sec. 956a, Code Civ. Proc.; *Kirk* v. *Culley,* 202 Cal. 501, at 507 [261 Pac. 994]; *Kennedy* v. *National Surety Co.,* 111 Cal. App. 306 [295 Pac. 359].) The court found in finding number 7:

"The Court finds that said guarantee contained in Paragraph III of Plaintiffs' complaint was executed for the sole purpose of insuring and guaranteeing the Plaintiffs that the Plaintiffs would not be required to pay any sum greater than $1842.87 in purchasing the note referred to in Paragraph II of Plaintiffs' complaint, and that it was intended by the terms and conditions of said guarantee that the Defendant Robert A. Klein & Co., should indemnify and hold the plaintiffs free and harmless from any loss sustained by Plaintiffs, by reason of the Plaintiffs being required to pay more than the said sum of $1842.87 for said note and trust deed.''

This finding is not a finding of fact but a conclusion of law, and is not justified by the other findings or any evidence in the case. It is by this court stricken from the trial court's findings and this court also makes and inserts in the conclusions of law the following:

"The court decides that said guaranty contained in paragraph III of plaintiffs' complaint was executed for the purpose of guaranteeing the plaintiffs against any loss or damage by reason of the purchase of the aforesaid note and trust deed; and that it was intended by the terms and conditions of said guaranty that the defendant Robert A. Klein & Company should indemnify and hold plaintiffs free and harmless from any loss that should be sustained by plaintiffs by reason of the purchase of said note and trust deed; that this action is prematurely brought as no loss or damage by reason of said purchase was alleged or proved.''

With the findings and conclusions amended as aforesaid, the judgment appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.