[Civ. No. 8847.   Second Appellate District, Division One.—February 26, 1935.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a Corporation), Appellant, v. SEABOARD SURETY CORPORATION OF AMERICA (a Corporation), Respondent.

Mott, Vallee & Grant and J. Edward Haley for Appellant.

Lawrence M. Cahill, John A. Holland, Arthur T. Stoll-mack, Frank L. Guerena and Eugene P. Fay for Respondent.

EDMONDS, J., *pro tem.*—Bessolo & Gualano, Inc., made a note payable to itself in the principal sum of $13,500 which was guaranteed by Angelo Bessolo, V. A. Gualano and M. Angelo Bessolo, Jr. This note was thereafter transferred to the plaintiff bank, together with a bond of the defendant sued upon in this action. This bond names the three individuals and the corporation as principals, and itself as surety, and recites that they are bound unto J. M. Berry, and any and all further holders of the note, in the sum of $13,500 upon the condition ''that if the Obligee shall collect said note from said Principals or any of them, then this obligation shall be void, otherwise to remain in full force and effect''. The defendant asserts that this is a guarantee of collectability and not a guarantee of payment, and the appeal is from a judgment based upon the conclusion of law of the trial court, finding this to be the legal effect of the instrument and the action to have been prematurely brought.

The appeal is on the judgment roll and the facts are undisputed. The trial court found that the note and the bond had been executed and delivered as alleged by plaintiff, and had been accepted by the plaintiff before maturity, in good faith, for value, and in the usual and regular course of business; that no part of the principal or interest on the note had been paid, and that on June 9, 1929, when the note became due, plaintiff made demand upon the maker and guarantors thereof; that on August 2, 1929, plaintiff notified the defendant of the nonpayment of the note, and demanded payment from it as surety; that on August 19, 1929, plaintiff commenced an action against the makers and guarantors of the note and recovered judgment thereon; that an appeal to this court was taken by the defendants from that judgment, but without the filing of any bond stay-

ing execution; and that the appeal was then pending and undetermined.

In response to the issues raised by defendant's answer, the trial court found it not to be true that plaintiff failed and neglected to proceed to collect the note. It also found the plaintiff bank had not been negligent and dilatory in its efforts to collect the note, and that the defendant surety company had not been exonerated from liability by reason of any acts on the part of plaintiff.

In Corpus Juris it is said that "where the guaranty is of the collection or of the collectability of the bill or note, it is generally held to be a conditional guaranty; it is equivalent to a guaranty that the bill or note is collectable by due course of law, and the guarantor is bound only upon condition that the drawee or payee of the bill or note uses due diligence to collect the debt from the drawer or maker, and gives the guarantor notice of the principal's default". (28 Cal. Jur. 951.) If the payee of a negotiable note indorses it: "I hereby guarantee the collection of the within at maturity," only a conditional guarantee is created. The indorsement "we guarantee the collection of the within note" is of the same kind. A guarantee of the collection of the amount of a debt as it becomes due is likewise an undertaking that the debt will be paid if the principal is prosecuted with reasonable diligence. Cases where the foregoing were passed upon are collected in a note to *Fall* v. *Youmans*, 67 Minn. 83 [69 N. W. 697, 64 Am. St. Rep. 390, 394]. In *Phillips* v. *Lindley*, 112 App. Div. 283 [98 N. Y. Supp. 423], the defendant made an agreement "to collect said note without cost or expense to said Phillips". It was held to be a conditional guarantee. The words "I guarantee the collection of this note to George Leitch" were also held to create a conditional guarantee. (*Cumpston* v. *McNair*, 1 Wend. (N. Y.) 457.)

The Civil Code recognizes a guaranty of payment as a very different one from a guaranty of collectability. "A guarantor of payment is liable to the guarantee immediately upon the default of the principal, and without demand or notice." (Civil Code, sec. 2807.) "A guaranty to the effect that an obligation is good, or is collectable, imports that the debtor is solvent, and that the demand is collectable

by the usual legal proceedings, if taken with reasonable diligence.'' (Civ. Code, sec. 2800.)·

The obligation of the defendant in this case is not unconditional. It provides that there shall be no liability ''if the Obligee shall collect said note from said Principals or any of them''. This is clearly a guarantee of collectability and not of payment. In the case of *Nimmo* v. *Fitzgerald*, 202 Cal. 565 [261 Pac. 1015], it was alleged in a counterclaim that the sellers of accounts represented and warranted that each and every one of them was good and collectable. The court said: ''The counterclaim does not state a cause of action. It alleged that the sellers 'warranted to the defendants that each of said accounts receivable was collectible, and agreed and guaranteed that the defendants would receive the money represented by said accounts receivable. That the defendants . . . attempted to collect each and every one of the aforesaid accounts . . . but have been unable to collect any part of the same . . . that the balance due upon said accounts . . . is still uncollected, due, owing and unpaid to the defendants . . . ' These allegations do not tender an issue. . . . Here the allegation is merely that defendants attempted to collect the accounts but were unable to do so. There is no allegation that they were not good and collectible or that the claims had been reduced to judgment, and execution thereon returned unsatisfied, or that the debtors were insolvent and it would be futile to prosecute them.'' (See, also, *Menefee* v. *Robert A. Klein & Co.*, 121 Cal. App. 294 [9 Pac. (2d) 219].)

Being a guarantee of collectability the liability of the defendant did not accrue immediately upon the default of the principal. The complaint in this action was filed some six months before plaintiff's judgment against the maker and guarantors was entered in the superior court, and while an appeal from that judgment was pending, this action was tried. There was no attempt to show that either the maker was or the guarantors were insolvent, or that the debt could not be collected from them. The action was therefore premature, as held by the trial court.·

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 25, 1935.